CECILIA A. WILLIAMS and Husband *vs.* GARDNER STEWART and others.

March 11, 1879.

Agreement by Purchaser at Mortgage Sale to resell to Mortgagor.—W. and wife executed a mortgage upon his real estate to S., who foreclosed and bid in the property. Before the time to redeem expired, the wife of W. and S. agreed orally for the conveyance by S. to her of the property, for the price bid at the foreclosure sale, with interest at the rate of twelve per cent. per annum, five hundred dollars to be paid within one year, the conveyance by S. to her then to be made, and she then to give a mortgage for the remainder of the price, no time being agreed on for the payment of such remainder. *Held*, that this cannot be regarded as an agreement to extend the time for redemption.

Redemption by wife of Mortgagor.—A wife joining in a mortgage of her husband's real estate has a right to redeem from a foreclosure, also.

Part-performance—Statute of Frauds.—If the wife of W., because of and relying upon the agreement with S., refrained from exercising her right of redemption until it expired, that was a sufficient part-performance to take the ageeement out of the operation of the statute of frauds.

Specific Performance—Uncertainty.—Courts of equity will not enforce contracts, any material terms of which do not clearly appear, as where, in an agreement for the conveyance of real estate, credit is to be given for part of the price, but the time of such credit does not appear.

Appeal by defendants from a judgment of the district court for Wabasha county, where the action was tried before *Mitchell,* J., who found the facts, in substance, as follows:

On November 3, 1863, the plaintiffs, being husband and wife, executed to the defendant Stewart a mortgage of certain real estate in Wabasha county, described in the complaint, and owned in fee by the plaintiff George H. Williams. On October 20, 1869, the plaintiff George H. executed to the defendant Stewart a second mortgage of the same real estate, in which his wife did not join. Default having been made in the conditions of both mortgages, the defendant Stewart foreclosed both mortgages in one action, and on August 26, 1871, under the judgment therein, the premises were sold, to satisfy both mortgages, and were purchased by defendant Stewart for $1,153.50. The sale was duly confirmed, on September 26, 1871, and on October 6, 1871, Stewart received the proper certificate of sale, which was duly recorded.

Soon afterwards, and prior to August, 1872, the plaintiff George H. removed to Minneapolis, where he has since resided, leaving his wife, the plaintiff Cecilia A. Williams, in possession of the premises, to manage and do with them as she saw fit, and for her exclusive benefit, he abandoning the exercise of any further control over them. This arrangement was wholly verbal, the defendant George H. having made no conveyance of his interest in the premises.

In the autumn of 1872, and prior to September 26th, on application of the plaintiff Cecilia A., who had continued to occupy the premises since her husband's departure, and who desired to redeem from the mortgage sale, the defendant Stewart verbally agreed with her that she might have the land for the amount at which he had bid it in at the mortgage sale, with interest at 12 per cent. from the date of such sale, she to pay all taxes assessed on the land, and to pay $500 of the agreed price within one year from the date of the agreement, upon which payment Stewart was to execute to her a deed of the premises, and take back a mortgage for the resi-

due of the price. No special time was agreed on for the making of the deferred payments.

The plaintiff, relying on this verbal agreement, made no attempt to redeem the property within the year allowed by statute. She continued in possession under the agreement, cultivating the land, and making various payments to Stewart, under the agreement, from time to time, as she was able, between October 9, 1872, and July 11, 1875, the total amount so paid by her being $500. On February 11, 1876, while she continued in possession, the defendant Stewart conveyed portions of the land to the other defendants.

As conclusions of law, the court held that the agreement between Mrs. Williams and the defendant Stewart amounted merely to an extension of the time for redemption, and was, therefore, not within the statute of frauds; that by accepting payments from her after the expiration of the time fixed in the verbal agreement, Stewart was precluded from taking advantage of her failure to pay the full sum of $500 within the time therein limited; and that her actual occupancy of the land was notice to Stewart's grantees of her rights therein. Judgment was accordingly ordered and entered, in accordance with the prayer of the complaint, directing the defendants, on payment by Mrs. Williams to Stewart of the amount due under the agreement, within three months, to execute and deposit in court for her use conveyances of their interests in the land; but that in case of her failure to make such payment, she should have no further interest in the land nor any right of possession or redemption. From this judgment the defendants appealed.

*Lloyd Barber*, for appellants.

*Thomas Wilson*, for respondents.

GILFILLAN, C. J. It is impossible to sustain the theory upon which the court below rendered judgment in favor of plaintiff, to wit, that the oral agreement between Mrs. Williams and Stewart amounted, in substance, merely to an

extension of the time for redemption. Had the agreement, if executed, brought about the same result or condition of things as a redemption, though, perhaps, in a different way, the court might, to prevent a failure in the intention of the parties, treat it as one extending the time to redeem. But it would have brought about a very different result. A redemption would simply annul the sale, leaving the property in the same condition as if the mortgage had never been made. The agreement, if executed, would affirm the sale and make it, with the mortgage, the means of passing the title from the original owner to Mrs. Williams. Can the contract be enforced as an agreement to convey real estate? Mrs. Williams, being one of the mortgagors, and having in the property an interest which the law recognizes, and will protect, had a right to redeem from the foreclosure sale. This was a valuable right, and if, as the court below has found, she refrained from exercising this right, because of and relying upon the agreement to convey, until the right expired, we think it was a sufficient part-performance to take the agreement out of the operation of the statute of frauds. *Ryan* v. *Dox*, 34 N. Y. 307.

The agreement is deficient, however, in a very important particular. Courts will not specifically enforce oral contracts to convey real estate, the material terms of which do not clearly appear—will not make contracts for the parties. The agreement here was for the conveyance of the land at the price of $1,153.50, with interest at the rate of twelve per cent. per annum from August 26, 1871, five hundred dollars to be paid within one year, upon which the conveyance was to be made, and a mortgage to be given for the remainder of the purchase-money. The parties agreed that credit should be given for the remainder, but the terms of such credit, whether it was to be for one, five or ten years, do not appear. That was evidently left for future negotiation. The court cannot supply the omission. *McClintock* v. *Laing*, 22

Mich. 212; *Nichols* v. *Williams*, 22 N. J. Eq. 63; *Schmeling* v. *Kriesel*, 4 N. W. Rep. 116.*

The judgment cannot be sustained, and it is accordingly reversed.

*Since reported, 45 Wis. 325.