JOEL LANKTON *vs.* LEVI M. STEWART, impleaded, etc.

November 26, 1880.

Accord and Satisfaction—Agreement between Purchaser of Land and Holder of Mortgage for Payment of a Less Sum by Instalments " from Time to Time"— Specific Performance.—Mrs. L. was the owner of a town lot, subject to a mortgage for $800 and interest, which was held by S., and became due June 1, 1880. Plaintiff on the one hand, and L., his wife, Mrs. L., and S. on the other, entered into an agreement, the substance of which was, that plaintiff was to pay $800, with interest at 12 per cent. per annum, for a clear and unencumbered title to the lot ; $125 thereof, with interest, to be paid to Mrs. L., and the residue, $675, with interest, to be paid.

from time to time to S. Upon the payment to Mrs. L., she and L. were to convey the lot to plaintiff, subject to the mortgage, "as limited and modified" by the agreement. Upon payment of $675, with interest as aforesaid, to him, S. was to release and discharge any and all liens, claims or titles, of whatever nature, and especially the mortgage. Plaintiff paid Mrs. L. her portion of the purchase-money as agreed, and, at different times, paid S. $239.75; and on March 27, 1880, tendered him the balance of the $675 and interest, which S. refused to accept. The tender has been kept good, and the money brought into court. Plaintiff requested S. to fulfil his part of the agreement, which was refused. S., at the time of the agreement, was, and still is, owner and holder of the mortgage and note secured by it. Ever since the execution of the deed to him by L. and Mrs. L., plaintiff has been the owner of and in actual possession of the lot and its appurtenances, and he has made improvements thereon to the value of $500. *Held,* that the rules of law relating to accord and satisfaction have no application to the facts of the case; also, further, that the agreement to pay S. "from time to time" was, in effect, an agreement to pay at such times and in such sums as plaintiff saw fit, on or before June 1, 1880, when the mortgage matured. *Williams* v. *Stewart,* 25 Minn. 516, distinguished from this case. *Held, further,* that plaintiff is entitled to a specific performance of the agreement of S.

Appeal by defendant Stewart from an order of the district court for Hennepin county, *Vanderburgh,* J., presiding, overruling his separate demurrer to the complaint.

*L. M. Stewart,* for appellant.

*Julius E. Miner,* for respondent.

BERRY, J.   On February 1, 1875, Andrew Lamoreaux, being the owner of lot 2, block 3, Westfall's addition to Minneapolis, conveyed the same to Winslow, who, at the same time, executed a mortgage thereon to secure his (Winslow's) promissory note for $800 of the purchase-money, payable on or before June 1, 1880, with semi-annual interest at the rate of 12 per cent. per annum.   On November 24, 1877, the note and mortgage were transferred and assigned to defendant Stewart.   On April 1, 1878, Winslow conveyed the lot to Lamoreaux's wife, subject to the mortgage.   On or about August 26, 1878, the plaintiff made an agreement with Lamoreaux (acting for his wife) and Mrs. Lamoreaux and Stewart, the. substance of which was that the plaintiff was to pay

$800, with interest at the rate of 12 per cent. per annum, for a clear and unencumbered title to the lot; $125 of said sum and interest to be paid to Mrs. Lamoreaux or to her husband for her, and the residue ($675) and interest to be paid "from time to time" to Stewart. Upon the making of the payment to Mrs. Lamoreaux, or to her husband for her, they were to convey the lot to the plaintiff subject to the mortgage, "as limited and modified" by the agreement. Upon payment of $675 with interest, as aforesaid, Stewart was "to release, discharge, and forever quitclaim any and all liens, claims or titles, of whatever nature, and especially the aforesaid mortgage."

Pursuant to the agreement, plaintiff, on September 3, 1878, paid to Lamoreaux, for his wife, her portion of the purchase-money, to wit, $125, and thereupon they executed and delivered to him a deed of the lot, subject to the mortgage, as in the agreement provided. On the same day, plaintiff paid Stewart $100; on March 20, 1879, $79.75; and on August 26, 1879, $60,—all under and pursuant to the agreement,—and on March 27, 1880, duly tendered him the further sum of $540, as and for payment of the amount remaining due on the mortgage, and to discharge the same, under and pursuant to the terms of the agreement; but Stewart refused and still refuses to accept. Plaintiff has ever since been ready and willing to pay said sum of $540, and brings the same into court. Before the commencement of this action, and after the tender aforesaid, plaintiff requested Stewart to release the mortgage, and all claims, etc., upon the lot, which Stewart refused and still refuses to do.

The complaint alleges, upon information and belief, that while the note and mortgage were held and owned by Lamoreaux, Winslow paid thereon $280. Ever since the assignment to him, Stewart has been and he now is owner and holder of the note and mortgage. Ever since the execution and delivery of the deed from Lamoreaux and wife to him, plaintiff has been owner of and in the actual possession of

the lot and its appurtenances, and he has made improvements thereon of the value of $500. The relief asked by the plaintiff is that he be adjudged owner in fee-simple of the lot and appurtenances, and that the adverse claim alleged to be made by Stewart be adjudged void, and that the mortgage be discharged and satisfied of record, and that he have such other relief as may be equitable. Stewart interposed a general demurrer to the complaint, which was overruled by the district court.

In support of his demurrer the defendant relies mainly upon the rules of law relating to accord and satisfaction. We are of opinion that these rules have no application to the facts of this case. To us, the case as stated in the complaint appears to be one of an agreement between the plaintiff on the one hand, and the owner of the lot and the holder of a mortgage upon the same on the other hand, (the plaintiff not being a party to the mortgage, or in any way liable upon it,) for the purchase, by the plaintiff, from the owner of the lot, of his right and title thereto, for an agreed price, which has been duly paid; and, further, for the purchase by the plaintiff, from the holder of the mortgage, of a discharge of the mortgage, and of any other claim which he may have upon the lot, also for an agreed price, all of which has been duly paid or tendered. The agreement as respects the mortgage bears no analagy to an agreement between the maker and holder of a mortgage for the satisfaction and discharge of the same, by the payment by the maker of less than the amount due upon it. The plaintiff was under no obligation to pay it, and the agreement on his part was, in effect, an agreement to purchase its discharge as respected the lot upon which it was a lien. We can conceive of no reason why such an agreement to purchase, and the corresponding agreement of Stewart to sell, (there being a sufficient consideration,) are not valid and binding upon both parties. Plaintiff having paid Mrs. Lamoreaux in full, having gone into possession of the lot. —a possession in which he has ever since remained—having

made valuable improvements thereon, and having made several payments to Stewart, all under and in pursuance of the original agreement between himself, the Lamoreauxs and Stewart, the case is one in which there has been an ample part-performance to take the parol agreement out of the statute of frauds, and to entitle plaintiff to demand a specific performance of Stewart's agreement in a court of equity, upon the ground that no other remedy will adequately secure his rights.

The defendant urges one objection to the validity of the agreement which deserves particular consideration. The objection is that the alleged agreement is too indefinite for specific enforcement as respects the time of payment of the amount which was to go to Stewart. This amount was, by the terms of the agreement, as alleged in the complaint, to be paid "from time to time." The defendant's counsel cites *Williams* v. *Stewart*, 25 Minn. 516. In that case the agreement was for the purchase of land for a specified price, of which $500 was to be paid within a year, upon which payment the vendor was to execute a deed, and take back a mortgage for the unpaid residue of the purchase-money. No time was agreed on for the making of the deferred payments. This court refused a specific performance of the agreement upon the ground that its terms did not clearly appear, and that the court could not make a contract for the parties. "The parties agreed" (says the opinion) "that credit should be given for the remainder" of the purchase-money, "but the terms of such credit, whether it was to be for one, five or ten years, do not appear. That was evidently left for future negotiation. The court cannot supply the omission." But the case at bar is quite another thing. Here the express agreement was that the plaintiff should pay "from time to time" —that is to say, at such times and in such sums as he saw fit. There is no uncertainty here as to what the agreement of the parties was. It is to receive a reasonable construction. As the note and mortgage were, by their terms, paya-

ble on or before June 1, 1880, so that on that day they became due, and their holder was then entitled to his money, we think the reasonable construction is that the plaintiff was bound to pay the whole amount which he agreed to pay by that day. So far as time is concerned, his agreement was substantially that of the mortgagor, with a possible difference on account of his right to pay in such instalments as he saw fit. With this construction there is no uncertainty in the agreement which stands in the way of its specific performance.

From these views it follows that, in our opinion, the complaint states a cause of action and ground of relief, and that the demurrer was therefore properly overruled. The order overruling the same is accordingly affirmed.