JOHN N. BRADFORD and others *vs.* JOSEPH MENARD.

May 22, 1886.

**Real-Estate Agent—Commissions—Incomplete Contract of Sale.**—The plaintiffs were authorized, as the agents of the defendant, to sell his land for the price *net* to him of $7,000, payable one-half down, and the remainder within one year. The plaintiffs were to have whatever they could obtain in excess of that sum. They secured the execution of a written agreement for the purchase for $7,200, to be "paid in cash and mortgage" when the deed should be delivered, but without other provision as to manner of payment. The purchaser tendered to the defendant

$3,500 in money, and a like amount in notes secured by a mortgage, payable within one year, and demanded a deed, which was refused. *Held*, that the written agreement for the sale was incomplete, and could not be enforced to recover the price named, $7,200; and the evidence being insufficient to show the making of a contract for the payment of that sum, or that a purchaser had been procured ready to pay that sum, a verdict for the plaintiff for $200 was not justified.

Plaintiffs brought this action in the municipal court of Minneapolis, to recover the sum of $200 alleged to have been earned by them as commissions in finding a purchaser for real estate. Defendant appeals from an order refusing a new trial.

*Robinson & Baker*, for appellant.

*J. C. Worrall*, for respondent.

DICKINSON, J. The evidence in this case conduced to prove the following facts: The defendant employed the plaintiffs as his agents to sell a tract of land belonging to him for the price *net* to the defendant of $7,000, one-half of which was to be paid down, and the remainder within one year. The plaintiffs were to have whatever they could obtain in excess of that amount for their compensation. The plaintiffs procured one Frisbie to enter into a written agreement for the purchase of the land for $7,200, of which $25 was paid down, this agreement being that the balance should be "paid in cash and mortgage" when the deed should be delivered. Frisbie tendered to the defendant $3,500 in money, and his notes to the amount of $3,500, payable at specified times within one year, with a mortgage executed by him upon the property as security, and demanded a conveyance, which was refused by the defendant. This action is for the recovery of $200 compensation in accordance with the agreement.

The written contract with Frisbie was incomplete as to the terms of payment. A part of the price was to be paid down, but no agreement is shown as to how much was to be so paid. The payment of a part was to be deferred, and to be secured by mortgage, but it does not disclose how much was to be so deferred, nor for what period payment was to be postponed. There can be no legal implication that payment was to be made immediately, for the written agreement clearly contemplates some period of credit as to some part of the price. The

agreement was incomplete, and incapable of being enforced against Frisbie. *Williams* v. *Stewart,* 25 Minn. 516.

The tender of $3,500, and of notes and mortgage for a like amount, payable within one year, fulfilled the requirement of the defendant as to what he should realize from a sale. But the plaintiffs were only entitled to whatever the property should be sold for *in excess* of that amount, ($7,000,) and it was essential to a recovery that a contract for sale should have been made for more than $7,000, or, at least, that a purchaser should have been procured ready to complete a purchase for more than that sum, and upon the terms dictated by the defendant. The plaintiffs were not entitled to anything out of the $7,000 tendered to the defendant, unless he was to receive something more, and the defective contract of sale does not show any such right in him. If he had accepted the $7,000, and executed a conveyance to Frisbie, neither the defendant nor plaintiffs could have recovered from Frisbie the remainder of the $7,200 under the written contract, for the reason, already stated, that that was not a perfected contract which the court could enforce.

It was not, therefore, shown that the plaintiffs had sold the property for $7,200, or that, by the refusal of defendant to convey upon the tender of $7,000 in cash and securities, they had suffered damage in the sum of $200. The verdict of the jury was therefore not sustained by the evidence.

Order reversed, and a new trial granted.