### KATE J. TINGUE v. O. M. PATCH.[1]

December 16, 1904.

Nos. 14,054—(59).

**Vendor and Purchaser.**

Findings of the trial court construed in connection with the evidence, and *held* to show a contract between the parties for the sale and purchase of certain land.

**Performance.**

Where a contract is silent as to time of performance, the general rule is that it must be performed within a reasonable time after it is entered into.

**Construction of Contract.**

Plaintiff's testate and defendant entered into a contract by which the former agreed, for a specified consideration, to sell and convey certain land to defendant.  The time of payment of the purchase price was not definitely fixed by the terms of the agreement, but, after it had been entered into, defendant was permitted by plaintiff's testate in her lifetime, and by plaintiff after her appointment as executrix, for the period of about ten years, to remain in possession of the land; and during that time, in reliance upon the contract, he paid part of the purchase price, made annual payments of interest, and placed upon the premises valuable and permanent improvements.  The contract was continued from time to time during the period stated, by the mutual consent of the parties, until just prior to the commencement of this action, when plaintiff repu-

[1] Reported in 101 N. W. 792.

diated it, and, without notice fixing a time in which he might perform, declared defendant's rights thereunder forfeited on the ground that the contract was void for uncertainty of time of performance by him. It is *held:*

1. That equity will not permit plaintiff, under the facts stated, arbitrarily to declare a forfeiture of the contract.

2. That she could effect a cancellation thereof and a forfeiture of defendant's rights only by giving notice to defendant of her intention to do so, and allowing him a reasonable time within which to perform on his part.

3. That the contract, having been voluntarily continued and extended from time to time by mutual consent of the parties, and plaintiff and her testate having accepted payments on the principal and the annually accrued interest, plaintiff is estopped from setting up as a defense to performance on her part the indefiniteness of the contract as to time of payment.

**Heirs and Devisees Bound.**

The heirs and devisees of plaintiff's testate are bound by the contract, and have no rights superior to those held by their ancestor.

**Case Distinguished.**

Williams v. Stewart, 25 Minn. 516, distinguished.

Action of ejectment in the district court for Steele county. The case was tried before Buckham, J., who found in favor of plaintiff. From a judgment entered pursuant to the findings, defendant appealed. Reversed and remanded with instructions.

*Wheelock & Sperry* and *S. T. Littleton,* for appellant.

*P. McGovern,* for respondent.

BROWN, J.

Action in ejectment in which plaintiff had judgment, and defendant appealed.

The facts are as follows: Defendant became the owner of the land in controversy in this action in February, 1888, at which time it was incumbered by a mortgage of $400 to one Cordelia M. Stewart, which defendant assumed and agreed to pay as a part of the purchase price of the land. He failed to pay the debt, and the mortgage was foreclosed in 1891. The sale under foreclosure took place on April 18 of that year, and the land was bid in by the mortgagee, Mrs. Stewart, for the sum of $548, the amount due, with costs and expenses of fore-

closure. Defendant had resided on the land since the time of his purchase, and was anxious to retain the same as his home, and Mrs. Stewart was anxious that he should redeem from the foreclosure. Prior to the expiration of the period of redemption, certain negotiations were had between the parties, looking to the purchase of the land by defendant. Mrs. Stewart was willing to accept the amount due on her mortgage, with costs and expenses of foreclosure, and convey the premises to defendant. These negotiations finally resulted in a written contract, which is somewhat ambiguous and uncertain. It was originally drawn as a lease of the land to defendant for an annual rental, but defendant objected to signing it in that form, and consented only upon there being incorporated therein the following language:

> The party of the first part's claim against the within land April 18, 1892, is five hundred and eighty-six dollars and forty-one cents, and when this amount is paid or reduced to four hundred and fifty dollars with the interest at seven per cent. annually on the $586.41, then the party of the first part will give a land contract bearing seven per cent. upon the amount unpaid with payments annually which contract will be given on or before the expiration of this lease.

After the execution of the agreement, which was on the day the period of redemption expired, defendant was permitted to remain in possession of the land; and, in reliance upon the contract, he paid Mrs. Stewart or her agent a sum equal to the annual interest upon the mortgage debt for a period of nearly ten years, all taxes accruing against the land, and within a year the sum of $90 upon the purchase price. During the time of his possession he made valuable and permanent improvements upon the land, and, before the commencement of this action, tendered to the agent of plaintiff the sum of $87.50, which, if accepted, would have reduced the amount due on the purchase price to $450.

Mrs. Stewart died some time prior to the commencement of this action, and plaintiff herein was appointed her executrix. In the negotiations leading up to the execution of the contract aforesaid, Mrs. Stewart was represented by her agent, one Higbee. The court below found that, though Higbee had no written authority from Mrs. Stew-

art to make a sale of the land, he informed Mrs. Stewart of the fact that he had entered ,into the contract; that she ratified all his acts in the premises, and subsequently accepted interest paid by defendant and the $90 paid on the purchase price. The court also found that plaintiff, as executrix, was fully informed of the rights of defendant, and that she accepted payments of interest, and acquiesced in and approved of the acts of Higbee, who acted as her agent after her appointment as executrix. The court also found that, though the contract was indefinite as to the time of payment of the purchase price, the parties by mutual consent renewed and extended the same from year to year, until just prior to the commencement of this action, when it was repudiated by plaintiff, and this action brought to recover possession of the land. Defendant interposed in defense to the action the facts stated—the execution of the contract, the payment of interest and principal, his continued possession of the land, the improvements made thereon by him, and the tender of $87.50 before the commencement of the action—and demanded that the contract be reformed, if the court deemed it uncertain and indefinite, and made to conform to the intention of the parties, and that he have judgment that plaintiff take nothing by the action, and for costs and disbursements.

The trial court found (1) that the contract was too indefinite and uncertain to be enforced in equity; and (2) that the evidence was not sufficiently clear and convincing to warrant the court in reforming or correcting it.

The contract in question is ambiguous. It does not clearly set forth the agreement between the parties; but as equity looks to the spirit and intent of the parties, rather than to the words in which they express their contracts, and in furtherance of justice will give such construction to their writings as is consistent with their intent, we have no difficulty in holding that the evidence in this case clearly shows a contract between Mrs. Stewart and defendant by which the former agreed to convey the land to defendant upon payment of the purchase price. The writing, being ambiguous, was open to parol explanation, and, taking the document and the parol evidence together, the contract clearly appears.

The contract provided that the purchase price, after being reduced to $450, should be paid in annual payments. Just what the annual

payments were to be, or when to be made, does not appear, except that defendant testified that he was to pay $25 each year, but the court found this testimony not true. This may render the contract too indefinite and uncertain to require performance on any particular date, but, if it be treated as fixing no definite time of payment, the general rule is that the debt would fall due, as a matter of law, within a reasonable time after the contract was entered into. Liljengren Furniture & Lumber Co. v. Mead, 42 Minn. 420, 44 N. W. 306; Green v. Richards, 23 N. J. Eq. 34; 1 Warvelle, Vend. §§ 138, 450.

Ordinarily, where the time of performance is made the essence of such a contract, a failure by the vendee to perform within the time provided operates, in the absence of a statute to the contrary, as a forfeiture of all his rights. But where the vendor waives a strict performance, and permits the vendee, after default, to continue in possession of the property and make payments on the purchase price or permanently improve the property, he can effect a cancellation of the contract and forfeiture of the vendee's rights only by giving notice and allowing a reasonable time within which to perform. 2 Warvelle, Vend. § 820; O'Connor v. Hughes, 35 Minn. 446, 29 N. W. 152; Quinn v. Olson, 34 Minn. 423, 26 N. W. 230; Mo v. Bettner, 68 Minn. 179, 70 N. W. 1076; Ewins v. Gordon, 49 N. H. 444; Paulman v. Cheney, 18 Neb. 392, 25 N. W. 495.

The same rule applies in cases where time is not made the essence of the contract, or where payment or performance is to be made within a reasonable time after the contract is entered into, and the vendor permits the vendee to continue in possession of the premises and to make payments upon the purchase price after the lapse of such time, especially as in the case at bar, where, as found by the trial court, the contract is renewed and continued from time to time by mutual consent of the parties. In such cases the vendor cannot arbitrarily cut off the rights of the vendee. Such a notice is by Laws 1897, p. 431, c. 223, now required in all such cases. Joslyn v. Schwend, 85 Minn. 130, 88 N. W. 410, 744.

But as the contract now under consideration was entered into prior to the passage of that statute, it does not apply. But the general rule above stated does apply. In the case at bar the contract was made in 1892, and was continued by the consent of the parties from time to

time until 1902, when the plaintiff, executrix of the vendor, without notice allowing defendant a reasonable time in which to perform, arbitrarily refused to accept any further payments, and brought this action to recover possession of the land. Equity will not, within the authorities cited, permit this, and the court erred in awarding judgment in her favor.

Counsel for plaintiff cited and relied upon the case of Williams v. Stewart, 25 Minn. 516. While the cases are somewhat similar, we do not think that case controls. It was distinguished on the point here under consideration in Lankton v. Stewart, 27 Minn. 346, 7 N. W. 360 —a case substantially like that at bar. In the Williams case it appeared that the contract there relied upon was indefinite as to when the purchase price of the premises was to be paid. The court, holding very strictly to the rule that equity will not enforce an indefinite and uncertain contract, held that the contract was so indefinite as to be beyond the aid of the court. In the Lankton case, which involved a contract for the conveyance of real property, the contract provided that the purchase price should be paid "from time to time." The court there held that the expression "from time to time" was sufficiently definite and certain as to the time of payment, distinguished the case from the Williams case, and sustained the contract.

In the case at bar the purchase price was to be paid in "annual payments," and there can be, so far as definiteness and certainty are concerned, no distinction between that expression and the expression "from time to time." The Williams case may be further distinguished by the fact that after the contract involved in this case was made and entered into, in its indefinite form and condition as to time of payment, the parties treated it as a valid contract; Mrs. Stewart and plaintiff permitted defendant, in reliance thereon, to continue in the possession of the land, make payments on the purchase price, and permanently improve the property. Upon every principle of equitable estoppel, they cannot now be heard to set up a claim of indefiniteness as to time of payment as an excuse for their refusal to carry out the contract. These facts did not appear in the Williams case.

The court found that Robert E. Stewart, an heir of Mrs. Stewart, had no notice of the contract in question or of the rights of defendant. But this finding is immaterial; it does not affect the equities or law of

the case; for the rule is clear that all persons claiming title through a vendor, whether as purchasers with notice of the rights of third persons, or acquiring title as heirs or devisees, are bound by the terms of a contract previously entered into by their grantor. 26 Am. & Eng. Enc. (2d Ed.) 125.

For the reason that defendant's rights under the contract had not terminated, the court below erred in ordering judgment for plaintiff for the possession of the land. The court should, on the facts disclosed, have ascertained the balance due on the purchase price of the land, directed that defendant pay the same to plaintiff within a reasonable time—such time to be fixed by order of the court—and, upon such payment being made, that judgment be entered quieting title to the land in defendant, and excluding plaintiff from any title or interest therein, but, if payment should not be made within the time so fixed, that judgment be entered in plaintiff's favor, quieting title and awarding possession to her. Lamprey v. St. Paul & C. Ry. Co., 86 Minn. 509, 91 N. W. 29.

The judgment appealed from is reversed, and the cause remanded to the court below for further proceedings in accordance with the views herein expressed.