## FRANK SEIGNE v. WARREN AUTO COMPANY.[1]

November 5, 1920.

No. 21,932.

**Vendor and purchaser — terms of oral agreement not indefinite — specific performance.**

1. In an oral contract to convey real estate, the agreement to pay the grantor a certain amount "at such time as the grantee might elect" is not so indefinite and uncertain as to avoid specific performance.

**Specific performance — part performance — statute of frauds.**

2. In an action wherein it is sought to compel specific performance of an oral contract for the conveyance of real estate, *held*, that the findings of the trial court showed a sufficient part performance to take it out of the statute of frauds.

Action in the district court for Marshall county to determine adverse claims to certain real property. The case was tried before Grindeland, J., who made findings and ordered judgment in favor of defendant. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*William J. Brown, Charles Loring* and *G. A. Youngquist,* for appellant.

*A. N. Eckstrom,* for respondent.

[1] Reported in 179 N. W. 648.

QUINN, J.

Action to determine adverse claims to that real estate described in the complaint as lots 1, 2 and the north half of lot 3 of block 10, orginal townsite of the city (formerly village) of Warren, Marshall county, upon which is situate a hotel and other structures.

In its answer defendant admits that it claims an interest adverse to plaintiff therein, and alleges the source thereof to be: That in May, 1919, the plaintiff, being then the owner in fee of said premises, entered into a contract with defendant whereby he agreed to convey the same to defendant upon payment to him of $1,750 cash, the execution to him of defendant's promissory note for $3,000, payable on demand, with interest at the rate of 7 per cent per annum, and the conveyance to him by warranty deeds of 80 acres of land in Polk county and a house and two lots in the city of Warren, described in the answer. The answer further alleges that defendant, pursuant to such agreement, paid to the plaintiff $1,750 in cash, executed to him its promissory note for $3,000, and its warranty deeds conveying said premises to plaintiff, and that the defendant went into possession of the premises described in the complaint and plaintiff took possession of the premises so conveyed to him. That thereafter defendant demanded of the plaintiff that he execute to the defendant a warranty deed to the premises described in the complaint, which he refused to do, and prays judgment that plaintiff execute to defendant a warranty deed conveying to it the premises described in the complaint.

In his amended reply plaintiff denies all new matter contained in the answer not specifically admitted, alleges fraud and deceit in regard to the character of the Polk county land, pleads the statute of frauds, and the agreement entered into between him and the defendant to be: That in May, 1919, he agreed orally to sell and defendant agreed to buy the premises described in the complaint, at the agreed price of $10,000 to be paid as follows: $1,750 in cash, $3,000 by a well secured note of defendant, $2,700 by the execution of a warranty deed conveying to him the Polk county land, and the balance by a deed to him of the house and two lots in the city of Warren. He further alleges that he had never seen the Polk county land and that it was agreed that, in case it did not prove to be as represented, the defendant should pay the plaintiff the sum of $2,700 in lieu thereof; that the land proved to be marshy and covered

largely with water, not as represented, of no particular value, etc.

The trial court made findings and ordered judgment against the plaintiff for specific performance. From a judgment entered thereon the plaintiff appealed.

It is urged on behalf of the plaintiff that the agreement being oral is void under the statute of frauds, and that the same is too indefinite for specific performance as respects the time of payment of the $3,000. There is no substantial difference in the pleadings as to the time of payment of this amount, the reply being silent in relation thereto.

At the time of the trial defendant deposited with the clerk of the court warranty deeds to the land described in the answer, properly executed and acknowledged, in favor of the plaintiff as grantee, together with $5.50 for revenue stamps thereon, and the further sum of $3,128.92 to cover the $3,000 payment and interest from May 10, 1919, to the date of trial.

The trial court found as facts: That the plaintiff and defendant entered into an oral contract by the terms of which plaintiff agreed to convey the premises described in the complaint to the defendant by warranty deed, upon the following terms and conditions, to-wit: Defendant to cause to be conveyed to plaintiff by warranty deeds the Polk county land and the house and two lots in the city of Warren, and to pay the plaintiff $4,750 at such times as the defendant might elect, with 7 per cent interest on all deferred payments. The court further found that, in reliance upon said contract, defendant shortly thereafter went into joint possession with the plaintiff of the premises described in the complaint and removed therefrom certain buildings and placed tenants in others, all with the knowledge and consent of the plaintiff, and that about the same time plaintiff exercised control over said house and lots and notified the tenant thereof not to remove certain property therefrom. The court further found that the defendant has fully complied with all the terms and conditions of said contract on its part to be done and performed.

An examination of the record satisfies us that the findings are amply sustained by the evidence and justify the conclusions arrived at by the trial court. The findings are silent as to whether a note was given for the $3,000 payment. Whether there was, is not very material. The testimony bearing upon the agreement as to when the $3,000 was to be paid

clearly supports the findings. In fact the plaintiff testified that he was to have a note for that amount, secured by a mortgage to become due at any time the defendant had a mind to pay it, and the testimony of the defendant so far as the time of payment is concerned was to the same effect. Under this arrangement the time of payment does not appear to be uncertain. In Lankton v. Stewart, 27 Minn. 346, 7 N. W. 360, the agreement was that the plaintiff should pay "from time to time," that is to say, at such times and in such sums as he saw fit, and it was held that there was no uncertainty which was in the way of specific performance, and in Tingue v. Patch, 93 Minn. 437, 101 N. W. 792, where the price was to be paid in "annual payments," it was held, that as far as definiteness and certainty are concerned, there can be no distinction between that expression and the expression "from time to time."[1] Applying the same reasoning in the present case the conclusions are right.

The oral agreement was treated by the parties thereto as a valid contract. Defendant removed certain of the buildings from the premises described in the complaint and placed tenants in others. The plaintiff, at the same time, exercised control over the house and lots referred to. The findings were adverse to plaintiff on the question of fraud. It is manifest that what was done with regard to possession was mutual and done with the intention of carrying out the oral agreement. Counsel conceded upon the trial that the defendant removed part of the buildings with plaintiff's consent, and the plaintiff testified that the buildings so removed were of the value of thirteen or fourteen hundred dollars.

The judgment appealed from is affirmed.