## J. GRUESNER AND ANOTHER v. M. W. THATCHER AND ANOTHER.[1]

March 28, 1924.

No. 23,770.

**Vendor and purchaser—writing unenforceable.**

1. A supposed contract for the sale of real estate provided as to the payment of a part of the purchase price as follows:

"A mortgage to be taken out by the parties of the first part in favor of J. Gruesner in the amount of Seven Thousand Dollars ($7,000) and the balance of the purchase price, namely: Three Thousand Dollars ($3,000) to be paid on a contract for deed, the terms of payment of which are to be arranged between all parties on or before June 21, 1922, with interest on all deferred payments not to exceed seven per cent."

*Held* that the failure of the parties to agree upon definite terms of payment of all of the purchase price, renders the agreement void and unenforceable as a contract.

**Earnest money recoverable but without lien on premises.**

2. In such a case the earnest money paid by the vendees may be recovered; but, there never having been any contract which vested in the vendees an equitable interest in the real estate, they are not entitled to have their judgment for the earnest money made a lien upon the property.

Action in the district court for Hennepin county to recover $500 on a promissory note. The defense set up in the amended answer is stated in the fourth paragraph of the opinion. The case was tried before Leary, J., who made findings and ordered judgment in favor of defendants. From the judgment entered pursuant to the order for judgment, plaintiffs appealed. Remanded with directions to modify judgment.

*J. J. Segall, W. B. Anderson* and *Leonard, Street & Deinard,* for appellants.

*Daniel F. Foley,* for respondents.

[1]Reported in 197 N. W. 968.

STONE, J.

This case arises from an agreement made between plaintiffs and defendants on February 21, 1922. Thereby it was supposed that plaintiffs were selling and defendants buying certain Minneapolis real estate. Except as hereinafter stated, the agreement took the form of the conventional earnest money contract. The down payment was $1,000, $500 of which was made in cash and $500 by a note of defendants, due May 22, 1922. The agreement was not performed farther than that. Plaintiffs remain in possession of the property.

The purchase price was $15,000 and the agreement provided that the last $10,000 should be paid as follows:

"A mortgage to be taken out by the parties of the first part in favor of J. Gruesner in the amount of Seven Thousand Dollars ($7,000) and the balance of the purchase price, namely: Three Thousand Dollars ($3,000) to be paid on a contract for deed, the terms of payment of which are to be arranged between all parties on or before June 21, 1922, with interest on all deferred payments not to exceed seven per cent."

The complaint declares upon the $500 note given as a part of the down payment. The answer alleges the fatal indefiniteness of the supposed contract; asks that it be declared void and incapable of performance; denies liability on the note; and prays the recovery of the $500 paid in cash.

The case was tried by the court. The decision was for defendants and plaintiffs appeal from the judgment entered pursuant thereto.

It is clear that the judgment is correct so far as it adjudges the supposed contract a nullity, and, for want of consideration, cancels the outstanding note against defendants and awards recovery of the cash paid by them. The portion of the agreement above quoted is no expression of contractual assent. That it is fatally incomplete and indefinite as to substantial and necessary terms is too clear for discussion. It does not express agreement. On the contrary, it expresses a failure to agree. In such a case the law can-

not finish what the parties have left unfinished and thereby create a contract where they intentionally omitted to make one for themselves. Williams v. Stewart, 25 Minn. 516; Shepard v. Carpenter, 54 Minn. 153, 55 N. W. 906; Rahm v. Cummings, 131 Minn. 141, 155 N. W. 201; Leslie v. Mathwig, 131 Minn. 159, 154 N. W. 951; Appleby v. Dysinger, 137 Minn. 382, 163 N. W. 739.

The problem here is different from that presented in such cases as Lankton v. Stewart, 27 Minn. 346, 7 N. W. 360; Tingue v. Patch, 93 Minn. 437, 101 N. W. 792; and Seigne v. Warren Auto Co. 147 Minn. 142, 179 N. W. 648. Each of those cases involved a contract as to some terms of which there was uncertainty. But they were here considered to have been capable of being rendered, by construction, sufficiently certain for enforcement. In the two later cases, there were elements of part performance which were very persuasive in favor of the results.

It is clear here that the writing, supposed to be an earnest money contract, was no contract at all. To refer to it even in discussion as a contract is to use a misnomer. The case is another of the constantly recurring illustrations of that false economy which results in the advice of counsel being used for cure rather than prevention.

There being no contract, neither party acquired any rights under the document. There was no consideration either for the money paid or the note. The result is that, as to the $500, plaintiffs are in possession of money which in equity and good conscience belongs to defendants. The judgment, therefore, is correct insofar as it enforces the quasi-contractual obligation to repay the money to its rightful owner. The same absence of consideration justifies annulment of the promissory note.

We cannot sustain that portion of the decision below, and the resulting judgment, which makes the money recovery in favor of defendants a lien upon the real estate. If there had been a contract, and it had been rescinded by defendants or by operation of law, it may be assumed, for present purposes, that defendants might then have been given a lien securing the repayment of the money paid on account of their purchase.

That result presupposes a contract whereby vendees acquired an equitable interest in real estate. There was no contract in this case. The defendants never acquired any interest, equitable or otherwise, in the real estate described in the abortive document erroneously supposed to have been a contract. Therefore there is nothing to which a lien in their favor can attach.

For the $500 and interest, therefore, they should have a simple money judgment against plaintiffs and no more.

Accordingly, the case is remanded with directions to modify the conclusions of law and judgment agreeably hereto, and when so modified, the judgment shall stand affirmed.

So ordered.