## FRANK SEIFERT v. UNION BRASS & METAL MANUFACTURING COMPANY.[1]

April 13, 1934.

No. 29,855.

*Fred A. Kueppers,* for appellant.

*Gustav C. Axelrod* and *Edward J. Cincera,* for respondent.

[1]Reported in 254 N. W. 273.

*STONE, Justice.*

After trial without a jury and decision for plaintiff, defendant appeals from the order denying its motion for amended findings or a new trial.

January 2, 1930, plaintiff closed the purchase of 25 shares of defendant's preferred stock. He was dealing with C. B. Michel, defendant's president and general manager. As part of the transaction and a condition of the contract of purchase, Mr. Michel gave him a letter signed for defendant by himself wherein "in consideration of this purchase" defendant, in terms, promised plaintiff a monthly bonus of $25, and that, in the event plaintiff desired to sell the stock, defendant would, upon 30 days' notice, repurchase it at $100 per share. The agreement also reserved to defendant the option to repurchase the stock at $100 per share plus accrued dividends at any time after five years.

Plaintiff declared originally upon the express contract of repurchase, suing for his $2,500 and interest. He duly tendered surrender of the stock certificate. Upon resting, he was met by motion to dismiss, the difficulty being, apparently, that he had not shown to the satisfaction of the court that Mr. Michel had authority to bind defendant on the promise to repurchase. (Without such showing, suit on the contract was futile.) Thereupon he was given leave to amend his complaint. The trial was adjourned ten days and then proceeded after plaintiff had come in with an amended complaint declaring, not upon the express contract to repurchase or any other, but in *quasi* contract for money had and received. Upon that theory the decision below went for plaintiff.

There was no error in allowing plaintiff to amend. Defendant was not prejudiced by shifting the issue from contract to *quasi* contract. No evidence not easily within defendant's reach was more necessary to defend under the amended than under the original complaint. Courts exist to dispatch litigation and not to prolong it unduly. Allowance of the amendment was a matter of discretion. The adjournment gave defendant all opportunity needed to prepare its defense upon the new theory introduced by the amendment. There was no error. 5 Dunnell, Minn. Dig. (2 ed. & Supp.)

§ 7696. Plaintiff had but one cause of action. There is no rule which prevented the trial court from giving him a second opportunity to have it correctly pleaded and put upon the only theory adequate to sustain it.

■ The findings establish that Mr. Michel had no authority to bind defendant by offer of monthly bonus or to repurchase. But, nevertheless, that agreement was both term and condition of the supposed contract under which plaintiff parted with his money. Defendant cannot affirm in part and repudiate in part. Failure of the agreement to bind defendant according to its terms makes a clear case of no contract. Plaintiff did not get what he paid for; there was failure of consideration for his payment, and so he is entitled to recover it in order to prevent the unjust enrichment of defendant which otherwise would result. One of the long recognized heads for such recovery is "where the money was paid under a mistake as to the creation, existence, or extent of an obligation." Keener, Quasi-Contracts, 112. This is just such a case.

There was no mutual assent to the supposed contract. Defendant never assented to it because Mr. Michel had no authority to bind it as he attempted to. Plaintiff never assented to any other agreement. In McDonald v. Lynch, 59 Mo. 350, the plaintiff was awarded recovery of money paid in the belief that a contract had been created between himself and the defendant when in fact there was no contract because of mutual misunderstanding of a material term. In Gruesner v. Thatcher, 158 Minn. 470, 197 N. W. 968, the defendant counterclaimed for money he had paid under an agreement for the purchase of real estate. It was not a contract because it left open a material term. A recovery was had, *quasi ex contractu,* of the money paid. In the same category are the cases where premiums have been paid for insurance policies which for some reason or other never took effect (e. g. Martin v. Sitwell, 1 Show. 156; Feise v. Parkinson, 4 Taunt. 640), recovery being allowed for the simple reason that plaintiffs paid their money for a supposed contract when in fact they got none at all. The decision in Eberlein v. Stockyards M. & T. Co. 164 Minn. 323, 204 N. W. 961, was

in an action on an express contract. It is expressly so limited and without relevance to one such as this on *quasi* contract.

■ Of course there can be no recovery *quasi ex contractu* unless otherwise there will be unjust enrichment. But, without recovery, there would be such unconscionable enrichment of the party who gets money, property, or service from another in exchange for an apparently binding contractual promise which is not binding in fact and successfully repudiated by the promisor. In such case there is an obviously unlawful and unconscionable acquisition, attended by the obligation to disgorge the proceeds. That is the obligation enforced as it would be if bottomed on contract (which it is not), and hence called for convenience a *quasi* contract. Burleson v. Langdon, 174 Minn. 264, 268, 219 N. W. 155. See also Todd v. Bettingen, 109 Minn. 493, 124 N. W. 443, and Town of Balkan v. Village of Buhl, 158 Minn. 271, 197 N. W. 266, 35 A. L. R. 470.

Order affirmed.

*I. M. OLSEN, Justice* (concurring).

I concur in the result.