KNUD E. MO v. GEORGE BETTNER and Others.[1]

May 7, 1897.

Nos. 10,603—(84).

Contract for Sale of Land—Forfeiture.

In an action by the vendor to have an executory contract for the sale of
real estate declared forfeited, *held*, even though time is made the essence
of the contract, the vendor cannot, after he has waived strict performance,
enforce a forfeiture, without giving such notice of his intention to do so
as will give the vendee reasonable opportunity to perform.

Appeal by defendants from judgment entered in the district court
for Dodge county, Buckham, J., upon findings in favor of plaintiff.
Reversed.

*Wheelock & Sperry, W. F. Sawyer,* and *Samuel Lord,* for appellants.

Default having occurred in respect to payments on the contract for
the purchase of the land in question, if the vendor, having knowledge
of the facts, treats the contract as still existing, he will be deemed to
have waived his right to enforce forfeiture of the contract for a past
default, although time was made of its essence. Quinn v. Olson, 34
Minn. 422; O'Connor v. Hughes, 35 Minn. 446; Austin v. Wacks, 30
Minn. 335; Coles v. Shepard, 30 Minn. 446. After such waiver rea-
sonable time and opportunity must be allowed for making payment,
and such period may be reasonably limited by notice, but can not be
terminated summarily without notice and opportunity to perform.
See cases already cited and Ewins v. Gordon, 49 N. H. 444; Wiswall
v. McGowan, 1 Hoff. Ch. 125; Webb v. Hughes, L. R. 10 Eq. 281; Mc-
Murray v. Spicer, L. R. 5 Eq. 527; Cummings v. Rogers, 36 Minn. 317.

*Somerville & Olsen,* for respondent.

Waiver applies only to past defaults; it does not relieve against for-
feitures for future defaults. Stow v. Russell, 36 Ill. 18; Phelps v.
Illinois, 63 Ill. 468; Lent v. B. & M., 11 Neb. 201. It is claimed by
defendant that after waiver, if any there was, the contract could not
be terminated without notice and opportunity to perform. Suit was
deferred for more than three months after notice had been given. If
defendant is not entitled to specific performance then he has no de-

[1] Reported in 70 N. W. 1076.

fense.  But any unexcused default will defeat specific performance.
Rogers v. Saunders, 16 Me. 92; Brown v. Haines, 12 Ohio, 1; Delavan
v. Duncan, 49 N. Y. 485; Kirby v. Harrison, 2 Oh. St. 326.  The con-
tract in question ·expressly provides how and when notice may be
given, and that such notice shall terminate the contract.  Having
done exactly what the contract requires, and not being in any manner
in default, and having in no manner waived existing defaults at the
time the action was commenced, plaintiff should be allowed his rem-
edy.  Grant v. Munch, 54 Minn. 111; Shuffleton v. Jenkins, 1 Morr.
(Iowa) 427; Thaxter v. Sprague, 159 Mass. 397; Heckard v. Sayre, 34
Ill. 142; Reed v. Breeden, 61 Pa. St. 460; Canfield v. Tillotson, 25 Neb.
857; Martin v. Morgan, 87 Cal. 203; Paget v. Park, 50 Minn. 186;
Schumann v. Mark, 35 Minn. 379.  The tender made after this action
was commenced was a nullity and should not even have been received
in evidence.  Knickerbocker v. Harris, 1 Paige, 209; Stow v. Russell,
36 Ill. 18.

CANTY, J.  Action by the vendor to have an executory contract
for the sale of real estate declared forfeited.  The question presented
is whether the findings of fact sustain the conclusions of law and the
judgment.  The contract was made by plaintiff with one Larson on
February 8, 1892, and provides for the payment of $1,600 as the pur-
chase price, $200 during the first year, $100 each year thereafter for
three years, and the balance of $1,100 the fourth year, together
with interest, payable annually.  The contract further provides:

"That in case of the failure of said party of the second part (Ras-
mus Larson) to make either of the payments, or interest thereon, or
any part thereof, or perform any of the covenants on his part hereby
made and entered into, then the whole of said payments and interest
shall become immediately due and payable, and this contract shall, at
the option of the party of the first part (said Knud E. Mo) be for-
feited and determined; and, if this agreement shall have been recorded
in any recorder's office, then the filing of a declaration of forfeiture·
(setting forth the fact of such failure) in said office by the first party
shall be sufficient to cancel all obligations hereunto on the part of
said first party, and fully reinvest him with all right, title, and interest
hereby agreed to be conveyed; and the party of the second part shall
forfeit all payments made by him on this contract, and his right, title,
and interest in all buildings, fences, or other improvements whatso-

ever, and such payments and improvements shall be retained by the said party of the first part in full satisfaction and in liquidation of all damages by him sustained, and he shall have the right to re-enter and take possession of the premises aforesaid. It is mutually agreed by and between the parties hereto that the time of payment shall be an essential part of this contract, and that all the covenants and agreements herein contained shall extend to and be obligatory upon the heirs, executors, administrators, and assigns of the respective parties."

Larson entered into possession under this contract, built a house on the land, and made other improvements, and thereafter, on August 6, 1895, duly assigned this contract to the defendant Brainerd, who then received possession from Larson. The court further finds that prior to this, and on June 11, 1895, Brainerd was negotiating with Larson for the purchase of his interest in the land, and on that day received a letter from plaintiff, duly signed by the latter, reading as follows:

"Rasmus Larson, of Claremont, just informs me that he has sold you the farm. There is a balance due me of $1,806.00. When he places this amount in your hands in Chicago or St. Paul exchange, I will forward deed. * * * Is the deed to be drawn to Mr. Larson or yourself?"

The court further finds that, relying on this letter, Brainerd completed his purchase from Larson. Nothing further appears to have been done by either party until October 25, 1895, when Brainerd, through his attorneys, wrote to plaintiff to forward the deed of the land to a certain bank, and Brainerd would deliver the balance of the purchase price to the bank for plaintiff. This letter was duly received by plaintiff, but he failed to answer it, and thereafter, on November 5, 1895, the attorneys telegraphed to plaintiff: "When will you send Brainerd deed?" To which plaintiff, on November 8th, answered: "Your telegram received. I have no dealings with Brainerd. If the Claremont land tract is meant, I have now taken steps to declare land forfeited, as Mr. Larson has relinquished it and did not fill his contract." Thereafter, on November 9, 1895, plaintiff filed in the office of register of deeds a declaration of forfeiture setting forth the fact of the failure of defendants to make the payments past due. Nothing else appears to have been done until February 11, 1896, when

plaintiff commenced this action. On the next day Brainerd made to plaintiff a tender of the full amount of principal and interest then due, to-wit, $1,890.14. On those findings, the court declared the contract forfeited, and ordered judgment for plaintiff. From the judgment entered thereon, defendants appeal.

It will be observed that the payments made up to June 11, 1895, the date of plaintiff's letter, lacked $206 of paying the yearly interest alone, so that the vendee and his assignee, Brainerd, were much in default in the performance of the contract on their part. But it sufficiently appears that plaintiff waived the defaults, treated the contract as still existing, and never gave the defendants any notice, information, or warning that he would attempt to declare it forfeited, until he suddenly proceeded to do so, and filed his declaration of forfeiture to the effect that the contract was thereby already forfeited. It is well settled by the decisions of this court that a vendor cannot use his own indulgence as a trap in which to catch the vendee. When the vendor has waived his right to enforce a forfeiture of the contract, he must give such notice of his intention to declare a forfeiture as will give reasonable time and opportunity to the vendee to perform. Quinn v. Olson, 34 Minn. 422, 26 N. W. 230; O'Connor v. Hughes, 35 Minn. 446, 29 N. W. 152.

Respondent urges that by the letter of June 11, 1895, he merely waived past forfeitures, but has done nothing since to waive subsequent forfeitures. We cannot so hold. It sufficiently appears that his whole course of conduct in regard to defendants' performance of this contract was that of acquiescence and indulgence, and even such great apparent indifference that he neglected to answer the letter written to him offering performance, until he suddenly turned about and declared a forfeiture.

The judgment appealed from is reversed, and the case is remanded to the court below to fix a time within which defendants shall redeem by paying the amount due, with interest, and, in case of failure to pay the same within such time, to declare that the contract shall be forfeited, and to order judgment accordingly.