## PIER v. LEE.

1.  Comp. Laws, §§ 4622, 4623, provide that preventative relief is given by prohibiting a party from doing that which ought not to be done, and that neither specific nor preventative relief can be granted to enforce a penal law, except in a case of nuisance, nor to enforce a penalty or forfeiture in any case. *Held*, that such sections had no application to an action to quiet title and recover land sold to the defendant, where plaintiff did not ask for the enforcement of a penalty or forfeiture, and the only issue as to any forfeiture was raised by the answer, by which defendant sought relief from a forfeiture in the contract for failure to make payments on the day provided.

2.  Plaintiff contracted to sell certain land to defendant; payment to be made in installments on the 1st day of September in each year after September, 1890, "together with interest, payable annually, on all sums, whether principal or interest, after due"; time to be of the essence of the agreement. Defendant entered and made valuable improvements on the land, and on September 2, 1890, paid plaintiff $85 interest, and alleged an extension of time for the payment of the principal due September 1, 1891. On December 8, 1891, plaintiff demanded payment of the principal due on September 1st, and, on defendant's failure to pay the same, declared the contract forfeited on the 11th of the same month, and brought suit to recover possession of the land, which was dismissed. On September 1, 1892, defendant offered to pay plaintiff the entire sum due, with interest, which plaintiff refused, whereupon defendant caused the amount to be deposited in a bank to plaintiff's credit. *Held*, that the provision of the contract that time should be of its essence was binding as well on the plaintiff as on the defendant, and hence, plaintiff having omitted to declare a forfeiture for three months after he was entitled to do so, on September 1, 1891, he thereby waived the same, and defendant was therefore entitled to enforce specific performance of the contract.

FULLER, P. J., dissenting.

(Opinion filed June 12, 1901.)

Appeal from circuit court, Yankton county. HON. E. G. SMITH, Judge.

Action by Joseph Pier against Joseph Lee to quiet title to real estate. From a judgment in favor of plaintiff, defendant appeals. Reversed.

*John Holman* and *R. B. Tripp,* for appellant.

This action being one to enforce a penalty or forfeiture cannot be maintained either under our code or under the established rules of equity procedure. Comp. Laws, §§ 4622, 4623; Beach on Contracts, 359; Story Eq. Juris. 1319; Keller v. Lewis, 53 Cal. 114; McCormick v. Rossi, 15 Pac. 35; Beecher v. Beecher, 43 Conn. 556; City v. Forney, 61 Ia. 584; Brown v. Railroad, 82 N. W. 1003; Crane v. Dwyer, 9 Mich. 350; Richmond v. Robinson, 12 Mich. 195; Grammet v. Gingrass, 77 Mich. 369; Mo. v. Bettner, 68 Minn. 179; Smito v. Jewett, 40 N. H. 530; Baxter v. Lansing, 7 Paige 353; Livingston v. Tompkins, 4 John. Ch. 415, 8 Am. D. 598; Railroad v. Railroad, 57 Pa. St. 65; Mills v. Evansville, S., 47 Wis. 354.

By not properly exercising his right to declare the contract void on defendant's failure of performance, and by his demand and extension on December 8th, 1891, and by his omission to commence this action for about eight years, the plaintiff waived the claimed forfeiture. O'Connor v. Hughes, 35 Minn. 446; Coles v. Shepard, 30 Minn. 446; Mo. v. Bettner, 68 Minn. 179; Steel v. Long, 73 N. W. 470; Born v. Sohrenkeisen, 110 N. Y. 55; Dean v. Applegate, 65 Cal. 391; Wilson v. Winter, 6 Fed. 16, 22; Gaughen v. Kerr, 68 N. W. 694; Ferguson v. Talcott, 7 N. D. 183; Phillips v. Carver, 75 N. W. 436; Merriam v. Goodlett, 54 N. W. 686; Kansas L. Co. v. Harregan, 36 Kan. 387; McCourt v. Johns, 33 Or. 561; Struble v. Allen, 81 N. W. 164; Van Loan v. Willis, 13 Daly. 287; Brown v. Guarantee Co., 9 Sup. Ct. Rep. 127; Jordan v. Rhodes, 24 Ga. 478; Mudyett v. Clary, 31 Pac. 426; Shiplow v. Green, 99 Cal. 218; Dowd v. Clark, 54 Cal. 48; Cunningham v. Brown, 44 Wis. 72.

*French & Orvis,* for respondent.

In regard to forfeitures for breach of contracts for the sale of land the rulings have been generally uniform as to when relief will be granted.   It is generally held that where parties have made time of payment the essence of a contract a court of equity cannot relieve a vendee who has made default.   It is also the rule that where contracts depend upon a condition precedent whereby no right vests until the act specified has been performed, as a payment of money, a court of equity will not relieve against a forfeiture incurred by reason of a breach of the condition, or failure to perform it.   Where the stipulation concerning payment is only a condition subsequent, the defaulting party may be relieved from a forfeiture on payment by him of the amount due with interest.   In such cases the clause of forfeiture is regarded as simply a security for the payment.   Raymond v. San Gabriel, 53 Fed. 883; Wilcoxson v. Stitt, 65 Cal 596; Vorwerk v. Nolte, 87 Cal. 236; Smith v. Mohn, 87 Cal. 489; Newton v. Hull, 90 Cal. 487; Banbury v. Arnold, 91 Cal. 606; Railroad v. Brickley, 21 Kan. 275; Canfield v. Westcott, 5 Cow. 271; Church v. Ayres, 5 Cow. 273; Bostwick v. Frankfield, 74 N. Y. 214; Rush's Administrator v. State, 20 Ind. 436; Reddish v. Smith, 38 Pac. 1003; Glock v. Howard, 55 Pac. 713; Miller v. Hughes, 63 N. W. 680; Johnson v. Thornton, 6 N. W. 165; Newton v. Hull, 27 Pac. 429; Wooding v. Crain, 38 Pac. 756; Reddinsh v. Smith, 38 Pac. 1003; Gray v. Tubbs, 43 Cal. 359; Seymour v. Cleveland, 9 S. D. 94.

CORSON, J.   This is an action to quiet title to and recover the possession of certain real estate situated in Yankton county, together with the value of the rents, profits, and issues of said land during the time the same has been occupied and possessed by the defendant, which are alleged to be of the value of $100 per anum.

The defendant in his answer admits that prior to September 2, 1889, the plaintiff was the owner in fee and entitled to the possession of said land; admits that the defendant claims an estate and interest in said land adverse to the plaintiff, and has been in possession thereof since about October, 1889; and denies each and every other allegation contained in said complaint. The defendant, for a further answer, defense, and counterclaim, alleges that on the 2nd day of September, 1889, the plaintiff and defendant entered into an agreement whereby the plaintiff agreed to sell and convey to the defendant the property described in the contract, and in which contract it is provided that said plaintiff, in consideration of $100, and upon the express condition (which is declared a condition precedent) that said defendant, his heirs, etc., shall well and faithfully perform the covenants thereinafter mentioned, agrees to deliver to said defendant a deed in fee simple for the land described in the contract and in the complaint; and the said defendant covenanted and agreed with the plaintiff to pay him the further sum of $850, as follows: $200 or more on the 1st day of September, 1891, 1892, and 1893, and $250 on the 1st day of September, 1894, together with interest, payable annually on the 1st day of September, at the rate of 10 per cent. annually on all sums, whether principal or interest, after due; and said defendant agreed to pay all taxes and assessments on said land for the year 1889 and subsequent years. It was also provided that time should be considered the essence of the contract, and, in case of the failure of the defendant in the performance of all or either of the covenants or promises on his part to be performed, said plaintiff should have the right to declare the contract void, without notice to the defendant, and thereupon to recover all the interest which should have accrued upon the contract up to the day of declaring it void, as rent for the use and occupation of the same, and to resell the same to

any other purchaser, to hold and retain the moneys paid on the contract by said defendant as liquidated damages, and to take immediate possession of the premises.    It is further alleged in the answer that upon the execution of said contract the defendant paid the sum of $100, and in October, 1889, entered into possession of said land, and has ever since cultivated, improved, used, and occupied said premises as a homestead, to the knowledge of said plaintiff; that on or about the 2nd day of September, 1890, he paid the plaintiff $85, then due as interest under said contract.    The defendant then set out what he claims to be an extension of time for the payment of the $285 due September 1, 1891; that on or about the 1st day of September, 1892, the defendant offered to pay the plaintiff $1,078.50, the full amount due said plaintiff under said contract, for the deed therein provided for, and thereupon demanded such deed to said property; that plaintiff refused to accept said money or execute said deed; that thereupon said defendant immediately deposited said money, in the plaintiff's name, in the Yankton National Bank, to be paid to plaintiff on delivery of the deed called for by said contract, and notice of said deposit was thereupon given said plaintiff; that defendant, by his cultivation and improvement of said land, has enhanced the value thereof in the amount of $1,100; that at the time the defendant went into possession of said premises the same were unimproved, and of a value not to exceed $950; that defendant has duly performed or offered to perform all of the conditions of said contract on his part; that plaintiff has not executed said deed, though defendant prior to the commencement of this action demanded the execution thereof; that by reason of the breach of the covenant to convey on the part of the plaintiff, and his failure to perform the same, defendant has suffered damages in the sum of $1,500, wherefore the defendant demands judgment that the plaintiff's action be dismissed, that plaintiff

be required to execute to said defendant a conveyance of said land in .accordance with the terms of the contract, and that the defendant re-·cover $1,500 damages, together with his costs and disbursements herein.    There was a trial of the case by jury, and a special verdict rendered, the substance of which is that the plaintiff did not extend the time for the payment of the installment due on September 1, 1891, and that on the 8th of December, 1891, the plaintiff demanded payment of the $200 principal and $85 interest due September 1st, and that on or about the 11th day of December, 1891, plaintiff de-·clared the contract forfeited.    There were certain stipulations of fact entered into by the parties, by which, among other things, it was stipulated that in January, 1892, plaintiff commenced an action against the defendant in a justice's court of Yankton county to re-cover possession of said land, and said action, on certificate, was taken to the circuit court, where, on or about March 1, 1899, it was dismissed.    The court finds that there was no extension of time for the payment of the $200 principal and $85 interest due September 1, 1891, and that in December of that year the plaintiff declared the con-tract forfeited.    The court further finds that the defendant on Septem-ber 1, 1892, offered to pay the plaintiff the sum of $1,078.50, and de-manded a deed to the said property, which sum plaintiff refused to ac-cept, and also refused to make said deed ; that the defendant caused the money to be deposited substantially as set out in the answer; that the plaintiff has not executed said deed, though the defendant, prior to the commencement of this action, demanded the execution thereof. The court thereupon concludes, as matter of law, that the plaintiff is entitled to judgment quieting title in him, and for the possession of the premises described in the complaint; that the plaintiff is en-titled to $50, the value of the rents for the year 1893, and the same amount for each year thereafter, including 1899, but that defendant

is entitled to offset against said rents the amount paid on said contract, with interest at the rate of 7 per cent. per annum from the date of payment. Thereupon judgment was entered in favor of the plaintiff, quieting title and for the possession of the premises, and for $214.34, the value of the rents in excess of the amount paid by the defendant to the plaintiff, together with the interest thereon. Motion for a new trial was made and denied, and from the judgment and order this appeal has been taken.

It will be observed from the foregoing statement that time was made the essence of the contract; that the installment due September 1, 1891, was not paid or tendered; that in December the plaitiff declared the contract forfeited, and in January, 1892, instituted an action to recover possession of the premises under the forcible detainer act; that in September, 1892, the defendant offered to pay the full amount due under his contract both principal and interest, and, plaintiff refusing to accept the same, the money was deposited in a national bank of good repute, and notice thereof given to the plaintiff. It will also be observed that by the terms of the contract on failure of the performance of the covenants on the part of the defendant the contract was not, *ipso facto,* terminated, but that plaintiff had the right to declare the contract void without notice to the defendant, and that the contract provides that the defendant shall not only pay interest until due, but interest on all sums, whether principal or interest after due.

It is contended: (1) That the action is one to enforce a penalty or forfeiture, and that no such action can be maintained under the provisions of Sections 4622 and 4623 of our Code. Those sections read as follows: "Preventive relief is given by prohibiting a party from doing that which ought not to be done." Section 4622, Comp. Laws. "Neither specific nor preventive relief can be granted to

enforce a penal law, except in a case of nuisance, nor to enforce a penalty or forfeiture in any case." Section 4623, Comp. Laws. (2) That the action cannot be maintained under the established rules of equity proceedings, as the powers of equity courts cannot be invoked to enforce a penalty or forfeiture. We are of the opinion, however, that neither the statute nor the general doctrine of courts of equity are applicable to this case. The action, as we have seen, is to quiet title, and to recover the possession of a certain tract of land. The plaintiff in his complaint has not asked for the interposition of the court to enforce a penalty or forfeiture, and no evidence was required on his part involving any penalty or forfeiture. The only issue as to any penalty or forfeiture is raised by the answer of the defendant, in which he seeks relief from a penalty or forfeiture. It will thus be seen that the contention of the defendant that the action is one to enforce a penalty or forfeiture is entirely without merit.

It is further contended on the part of the defendant that inasmuch as the plaintiff failed for a period of three months and over to declare a forfeiture of the contract for the failure to pay the installment due September 1, 1891, the plaintiff waived the forfeiture. It is further insisted on the part of the defendant that the stipulation that time should be the essence of the contract applied as well to the plaintiff as to the defendant. In this contention we are of the opinion that the defendant is correct. Under the terms of the contract, the plaintiff was undoubtedly authorized to declare the contract terminated for the failure of the defendant to pay the stipulated sum on September 1, 1891—the time specified in the contract—had he promptly exercised his right to so terminate the contract. But, as we have seen, he did not exercise that right, nor atttempt to do so, until December of that year, and as late as the 8th of December entertained a proposition on the part of the defendant for an exten-

sion of time, took it under advisement, and on the 11th of the same month declared a forfeiture, without giving the defendant a reasonable time thereafter in which to make the payment then due. As there was a clause in the contract providing for the payment of interest on all moneys stipulated to be paid by the terms of the contract when past due, it may be reasonably inferred that it was contemplated by the parties that payments might not be made promptly at the times stipulated; and the defendant had a right to infer therefrom, and from the failure of the plaintiff to promptly declare the contract terminated, that the plaintiff would be satisfied with the delay and the payment of interest. We are clearly of the opinion, therefore, that the plaintiff had no right to declare the contract forfeited in December, 1891. At the time the next installment became due, the defendant offered to pay the full amount, principal and interest due upon the contract; and, upon the refusal of the plaintiff to accept the same and execute a deed for the premises, the defendant deposited the money to the credit of the plaintiff in a reputable bank, where, so far as the record discloses, it has ever since remained. The failure to pay the sum due on September 1, 1891, having, as we have seen, been waived, the payment of the full sum due, including interest on deferred payments, on the 1st of September, 1892, and before the time fixed for the last two payments, constitutes, in our opinion, such a performance, in equity, of the contract, as entitled the defendant to a conveyance of the property from the plaintiff. While it cannot be said that the decisions are in entire harmony upon the question as to the application of the stipulation that time is of the essence of the contract, alike to both parties, we think that the weight of the modern decisions is in favor of the doctrine that such is the true rule. In Gaughen v. Kerr, 99 Ia. 214, 68 N. W. 694, the supreme court of Iowa held: "Where a contract for the sale of land

provides that, on failure of the vendee to pay his notes promptly when due, the vendor 'shall have the right to declare this agreemnt null and void,' the vendee's default does not *ipso facto* work a forfeiture; and, unless the vendor elects to declare a forfeiture, the contract remains in force. A vendor waives a provision in a contract of sale giving him the option to declare a forfeiture for default of the vendee in making payment when due, by failing to promptly exercise such right of election at the time of default." And the supreme court quotes with approval the following from the opinion of the trial court: "But in the later case of Basse v. Galleger, 7 Wis. 448, 76 Am. Dec. 225, the question was again before that court; and it was held that a 'reservation of option to declare a contract void for default must be exercised by election at time of default, to be of any effect.' A different rule would leave the matter entirely at the mercy of the seller. He could continue the contract in force as long as it would seem to be for his interests to do so. If the land should become more valuable, it would be within his power at any time to declare a forfeiture and take possession, and reap the benefits of such enhanced value, while, if there should be a depreciation, he could insist on the enforcement of the contract. Such a construction will not be upheld unless the clear import of the contract requires it. It is a reasonable construction of the provisions of the contract, and more in harmony with equity and good conscience, to hold that the parties intended not only that prompt payment should be made, but also that the right to forfeit, to be available, must be exercised with promptness." The case of Farguson v. Talcott, 7 N. D. 183, 73 N. W. 207, decided in 1897 by the supreme court of North Dakota, is very analogous to the case at bar. In that case the plaintiff brought an action to determine adverse claims to a certain section of land in North Dakota. An install-

ment due October 15, 1895, was not paid; and on the 15th of January, following, the vendor sought to terminate the contract by demanding payment and declaring the contract forfeited. That learned court held that, had the plaintiff promptly given the defendand the notice required by the contract that he elected to treat it as terminated because of defendant's violation of its obligations, his position would have been unassailable, but that, having delayed the notice for a period of three months, it was, in effect, a waiver of the condition; and the defendant was allowed by that court a reasonable time in which to complete his contract. In the course of the opinion the court said: "It is not at all burdensome to require diligence of action on the part of the vendor, who holds the vendee absolutely in his power. He should not be allowed to watch for a season the fluctuation of the value of the thing agreed to be sold, and shape his conduct with reference to the termination of the agreement according as it appears at a much later day to be or not to be in his interest to insist upon the annulment of the contract. * * * Time being of the essence of the entire contract, it was as much incumbent upon the plaintiff to act promptly in giving notice of cancellation as it was incumbent upon the defendant to deliver the wheat at the day specified in the agreement." Dean v. Applegarth, 65 Cal. 391, 4 Pac. 375; McCourt v. Johns, 33 Or. 561, 53 Pac. 601; Lumber Co. v. Horrigan, 36 Kan. 387, 13 Pac. 564; Phillips v. Carver, 99 Wis. 561, 75 N. W. 432; Merriam v. Goodlett, 36 Neb. 384, 54 N. W. 686. It is quite evident in the case at bar that the defendant's failure to pay the installment due September 1, 1891, was not the result of gross negligence, but apparently resulted from a misunderstanding on his part of the nature of the contract he had entered into. After he took possession of the land, and before the day last mentioned, he had made improvements thereon of the value of $500,

and by his labor in improving the land its value had been otherwise enhanced. It is hardly to be presumed, therefore, that his failure to pay the installment due September 1, 1891, was intentional. The rule has been so uniformly stated that penalties and forfeitures are not favored by the courts, either of law or equity, that it will scarcely bear repetition; and courts of equity, especially, will seize upon slight circumstances, and relieve a party from a penalty, or forfeiture, where full justice can be done the other party, and compel him to convey in accordance with the terms of the contract. Taking, therefore, into consideration the improvements made by the defendant upon the property, its enhancement in value, the fact that he offered to pay the full amount due two years in advance of the time specified in the contract, and the fact that the plaintiff failed to take advantage promptly of the terms of the contract, we are of he opinion that the court below was in error in holding that the plaintiff was entitled to recover the property, and in adjudging his title good thereto. The judgment of the circuit court is reversed, and that court is directed to enter a judgment in favor of the defendant and against the plaintiff, requiring the plaintiff to convey the property described in the complaint, by good and sufficient deed, to the defendant, and, in case the plaintiff fails to make such conveyance, that the court appoint a commissioner to convey the same, and that defendant have and recover of the plaintiff his costs and disbursements.

FULLER, P. J., dissenting.