## KEATOR v. FERGUSON.

Where a vendor of land received a payment 12 or 13 days after the same was due without objection, and permitted one year's rent to remain unpaid 13 days after due before notifying the purchaser of her election to terminate the contract, she waived the benefits of a provision making time the essence thereof to the extent, at least, that she was required to give the purchaser notice of her intent to terminate the contract and give him a reasonable opportunity to comply therewith.

(Opinion filed, April 3, 1906.)

Appeal from Circuit Court, Hamlin County. Hon. JULIAN BENNETT, Judge.

Action by Edward B. Keator against Flora B. Ferguson. From a judgment for defendant, and an order denying a new trial, plaintiff appeals. Reversed.

*Hall, Lawrence & Roddle,* for appellant. *Cheever & Cheever,* for respondent.

CORSON, J. This is an action to enforce the specific performance of a contract for a quarter section of land in Hamlin county, entered into by the defendant as party of the first part, and one Walklin as party of the second part, and through the latter

the plaintiff claims title as assignee of the contract. Findings and judgment being in favor of the defendant, the plaintiff has appealed.

The defendant in her answer set up that the plaintiff had not complied with the conditions of the contract, and that she had declared the same forfeited and terminated prior to the commencement of the action. The contract was made and executed on the 21st day of September, 1894, and by its terms provides that the defendant, as party of the first part agrees to sell to the said Walklin the said premises for the consideration of $1,900, the said sum to be paid by delivering to the defendant one-half of the crops for each year or the value of the same after paying the interest on the principal sum, at the rate of 6 per cent. per annum for the first year and 8 per cent. per annum thereafter, to be applied in payment of the principal; and upon the completion of the said payments said defendant agrees to convey the premises by a good and sufficient deed. There were numerous conditions in the contract not necessary to be specifically noticed except the following condition: "It is further mutually covenanted and agreed by and between the parties hereto that the said party of the second part may immediately enter on said land and remain thereon, and cultivate the same as long as he shall perform all the agreements hereinbefore mentioned on his part to be fulfilled and performed and no longer and that if he shall at any time hereinafter violate or neglect any of said agreements he shall forfeit all right or claim under this contract, and be liable to the said party of the first part for damages and shall also be liable to be removed from the said land in the same manner as provided by law for the removal of a tenant that holds over after the expiration of the time specified in his lease, and it shall be lawful for the said party of the first part at any time after the violation or nonfulfillment of any of the said agreements on the part of the said party of the second part to sell and convey the said land or any part thereof to any person whomsoever, and the said party of the first part shall not be liable in any way nor to any person to refund any part of the money which she may have received on this contract nor for any damages on account of such sale and it is hereby expressly understood and declared that time is and shall be deemed and taken as of the very essence of this contract, and that

unless the same shall in all respects be complied with by the said party of the second part at the respective times and in the manner above limited and declared that the said party of the second part shall lose and be debarred from all rights and remedies and actions either in law or equity upon or under this contract. Fifth. This contract is declared to be binding on the respective representatives of the parties hereto."

Upon the execution of the contract the said Walklin entered into possession and remained in possession thereof until or about October 1, 1899, when he assigned his contract to the plaintiff in this action, paying yearly one-half of the products raised upon the property as specified in the contract. The said plaintiff before taking an assignment of the contract visited the defendant and informed her that he was intending to take an assignment of the same, and she made no objections thereto or stated or intimated to him that she intended to take advantage of the delay in the payment of the interest for the year 1899, which was then past due or for the nonpayment of the taxes which were then due and unpaid. The plaintiff sought to obtain in that interview a reduction of the interest and subsequently wrote to her or her husband, who was agent of his wife, in regard to such reduction to which the husband replied with the knowledge and consent of his wife refusing to make such reduction. In the interview between them above stated it was agreed between them that there was $1,721.99 still due uopn the contract, and of this sum the plaintiff on October 5th forwarded to her by draft the sum of $222; leaving a balance then due of $1,500. The draft was accepted without objection. During the year 1900, the plaintiff made certain improvements on the property, repairing the buildings, etc., and entered into negotiations with the defendant for paying her the whole amount due her and taking a deed for the property. The defendant consented to this arrangement and the plaintiff was proceeding to obtain the money to make payment in full on the contract when he was notified by the defendant on the 4th of October, 1901, that she elected to terminate the contract for his failure to perform the conditions of the same. Thereupon the plaintiff offered to pay to the defendant the amount due, and instituted this action. The court below seems to have

taken the view in its findings and conclusions of law that inasmuch as the plaintiff had failed to make the payments as prescribed in the contract as construed by the defendant and had failed to pay the taxes, the defendant had the right to terminate the contract without notice, and hence the judgment was rendered in her favor.

The appellant claims that the judgment should be reversed for the following reasons: (1) Time was not of the essence of this contract because the provisions of the contract referring thereto and to a forfeiture is void under the statutes of this state. (2) The contract does not provide for a forfeiture at the time the same was attempted to be declared. (3) The defendant waived the right to declare a forfeiture and therefore there was no default by the plaintiff upon which the defendant could base a declaration of forfeiture. (4) The defendant before declaring a forfeiture in this case was required to give the plaintiff a notice of intention to declare a forfeiture with opportunity to the plaintiff to comply with the contract. (5) If a forfeiture was legally declared the plaintiff is entitled to be relieved therefrom under the circumstances of this case. (6) The evidence was insufficient to justify the judgment.

It is contended by the respondent that under the provisions of the contract the plaintiff and his assignor were bound to make the payment yearly on the 21st day of September, and that a failure to make the payments at the time stipulated, entitled the defendant to declare the contract forfeited. The respondent further contends that although the stipulation in the clause quoted above prohibiting the party of the second part from enforcing his rights under the contract might be void under section 1276 of the Rev. Civ. Code, still that part of the stipulation making time of the essence of the contract would be binding upon the parties. In the view we take of the case it will not be necessary to determine these questions on this appeal, and for the purposes of this decision we may assume that the respondent's contention is correct as we only deem it necessary to consider the third and fourth grounds upon which the appellant relies for a reversal of the judgment of the court below. We are of the opinion that the appellant is right in his contention and that the defendant having permitted the time for making the yearly payments, namely: the 21st day of September to expire

without objection for the years 1899, 1900, and 1901, and subsequently receiving the amount so due her in effect, constituted a waiver of a strict compliance with the terms of the contract, and if thereafter she sought to enforce the contract she was required to notify the plaintiff of the fact and to give him a reasonable time in which to comply with the terms of the contract. While undoubtedly, under the terms of the contract, the defendant had the right to insist upon a strict performance of the terms thereof as time was made of the essence of the contract, had she chosen to take advantage of that condition at the time the failure occurred, but having allowed the time to go by and accepted payment thereafter as stated, the plaintiff had a right to assume that she would not insist upon a strict compliance with the terms of the contract and the contract could not thereafter be declared forfeited unless notice as before stated was given and a reasonable time afforded for the plaintiff in which to fulfill the conditions of the contract. As was stated by this court in Pier v. Lee, 14 S. D. 600, 86 N. W. 642, the provisions in the contract that time was of the essence of the same is binding upon both parties and if a party seeks to take advantage of the provisions upon failure of the other to a strict performance he must do so promptly upon such failure. This seems to have been the view of the Supreme Court of Minnesota (O'Connor v. Hughes, 35 Minn. 446, 29 N. W. 152; Cummings v. Rogers, 36 Minn, 317, 30 N. W. 892; Mo. v. Bettner, 68 Minn. 179, 70 N. W. 1076) and of the Supreme Court of North Dakota (Fargusson v. Talcott, 7 N. D. 183, 73 N. W. 207; Boyum v. Johnson, 88 N. D. 306, 79 N. W. 149).

It seems eminently just and equitable that a party who has neglected to enforce the provisions of his contract providing that time shall be of the essence of the contract at the time the default is made, and accepts performance of the terms thereafter should not be allowed upon a subsequent default to enforce the provision without giving the other party notice that he intends to enforce the same and a reasonable opportunity to comply with the terms of the contract. To hold otherwise would enable a party to take undue advantage of his contract by accepting payments after the time they were to be paid by the strict terms, and after having induced a party

to make a number of such payments then 'without notice and without giving the party an opportunity to comply with the terms of the contract declare it terminated, and the amount paid thereunder forfeited. In the case now before us the defendant had received $400 of her principal and certain improvements had been made upon the property; she had permitted the plaintiff to believe at least that she would not insist upon a strict performance of the terms of the contract by receiving the sum of $222 some 12 or 13 days after the same was claimed to be due by her without objection and had permitted the rent for the year 1900, to remain unpaid apparently without objection and by waiting until the 4th day of October, 13 days after she claimed the payment to be due before notifying the plaintiff of her election, and she must therefore be regarded as having waived the benefits of the provision making time the essence of the contract to the extent at least that she was required to give the plaintiff notice of her intent to terminate the contract, and give him a reasonable opportunity to comply with the same.

The judgment of the court below, and order denying a new trial, are reversed.