## SPOLEK et al. v. HATCH.

The stipulation in a contract for the sale of real estate that time is of the essence is waived by the vendor consenting to an extension of time for the payment of the balance due under the contract.

Where a vendor in a contract for the sale of real estate which made time of the essence consented to an extension of time for the payment of the balance due, he could maintain no action thereon without tendering the deed or demanding payment.

Where time is not of the essence of a contract for the sale of real estate, or where time has been waived, a vendor seeking to enforce the contract must tender a deed and demand payment of any balance due, and the purchaser seeking to place the vendor in default must tender the balance and demand a deed.

(Opinion filed, August 29, 1907.)

Appeal from Circuit Court, Buffalo County. Hon. FRANK B. SMITH, Judge.

Action by James Spolek and others against William J. Hatch. From a judgment for plaintiff's defendant appeals. Reversed, and judgment dismissing the complaint directed.

*Warren & Warren,* for appellant. *A. E. Hitchcock* and *H. B. Farren,* for respondents.

CORSON, J. The plaintiffs instituted this action to have a certain land contract entered into between them and the defendant canceled of record. Findings and judgment being in favor of the plaintiffs, the defendant appeals.

The material parts of the contract which was entered into on the 18th day of July, 1902, are, in substance, that the plaintiffs, as parties of the first part, agreed to convey to the defendant, as party of the second part, certain lands in Buffalo county for the sum of $3,600, $300 of which was paid at the time of entering into the contract, receipt of which was acknowledged, and the balance of $3,300 was to be paid on the 1st day of March, 1903. It was stipulated that time should be of the essence of the contract, "and that, in case of the failure on the part of the second party * * * in the performance of all or either of the convenants and promises on his part to be performed, said party of the first part shall have the right to declare this contract void without notice to party of the second part, * * * and thereon to recover all the interest which shall have accured upon this contract up to the

day of declaring it void as rent for the use and occupation of said premises and to resell the above described land to any other purchaser, to hold and retain the moneys paid on this contract by the said party of the second part as liquidated damages." It is alleged in the complaint that the defendant failed to comply with the agreements on his part contained in the said contract. The defendant filed an answer, in which he alleges in substance, among other matters, that the contract set out in the complaint was on November 1, 1902, by mutual agreement extended for one year from the 1st day of March, 1903, or until the 1st day of March, 1904; "that the plaintiffs, or either of them, have never executed or caused to be executed or delivered to defendant, or offered to execute and deliver to defendant, a good and sufficient deed with covenants of warranty, or any deed or conveyance whatsoever, of the said premises, but have wholly neglected and refused to execute or tender such deed," and the defendant prays for judgment dismissing the action.

On the trial the defendant was called as a witness on his own behalf, but the plaintiff objected to any evidence on the part of the defendant, on the ground that the allegations of the answer were not sufficient to constitute a defense to plaintiff's cause of action. The evidence was excluded by the court, and judgment on motion rendered in favor of the plaintiffs to which ruling the defendant duly excepted. It is insisted by the plaintiff's, in support of the ruling and judgment of the trial court, that the answer was insufficient, in that it contained no allegation that the defendant had paid or offered to pay the balance due under the contract or any part thereof, and that the plaintiff's were not required to tender a deed or demand the balance due under the contract before commencing their action. Both of these propositions are controverted by the appellant who contends that the plaintiffs were not entitled to maintain the action for the reason that they did not allege in their complaint or prove on the trial that they had tendered a deed or demanded payment of the balance due, and that the plaintiffs at the time the action was commenced had no cause of action, and that the defendant was not required to allege or prove any offer of payment in order to defeat the plaintiffs' action. We

are of the opinion that the defendant is right in his contentions. The stipulation in the contract that time was to be regarded as of the essence of the contract was waived when plaintiffs consented to an extension of one year for the payment of the balance due under the terms of the contract. Pier v. Lee, 14 S. D. 600, 86 N. W. 642; Keator v. Ferguson, 20 S. D. 473, 107 N. W. 678. The agreement made by the plaintiffs that the extension of one year was still controlled by the stipulation as to time being the essence of the contract cannot be conceded. That stipulation was limited to the original contract and, when time of payment under the original contract was extended, that stipulation was waived and thereafter the defendant could only be placed in default by a tender to the defendant on the part of the plaintiffs and a demand for payment of the balance due, or notice that within a reasonable time the plaintiffs would insist upon a forfeiture of the contract. When, therefore, the plaintiffs instituted the action, it is quite clear that no right of action had accrued to them, and the defendant had the right to show by his answer that the plaintiff's had not made any tender of the deed or demanded payment of the defendant, and upon proof of such allegations the defendant was entitled to a dismissal of the action.                                          ,

It will be observed that this action was brought on the equity side of the court, and was in effect for the enforcement of a forfeiture. Such actions are not favored by the courts of equity, and, as a rule, such courts refuse to enforce a forfeiture. It seems to be well settled that where time is not of the essence of the contract, or where it has been waived, a vendor seeking to enforce a contract must, before the vendee can be held in default, tender a deed and demand payment of any balance that may be due, and a vendee, in like manner, who seeks to place the vendor in default, must tender the money and demand a deed. In the case at bar, as we have seen, the time for the payment of the balance due under the terms of the contract was extended for one year, and, the plaintiffs having waived that stipulation, it would be manifestly unjust and inequitable to permit the plaintiffs more than two months after the time as extended had expired to institute an action, and, in effect, enforce the forfeiture, without tendering a deed and de-

manding payment or giving to the defendant any notice that they intended to proceed to enforce the forfeiture clause of the contract. Caughen v. Kerr, 99 Iowa, 214, 68 N. W. 694; O'Connor v. Hughes, 35 Minn. 446, 29 N. W. 153; Mo v. Bettner, 68 Minn. 179, 70 N. W. 1076. In the latter case the Supreme Court of Minnesota, in discussing this subject says: "It sufficiently appears that plaintiff waived the defaults, treated the contract as still existing and never gave the defendants any notice, information, or warning that he would attempt to declare it forfeited, until he suddenly proceeded to do so, and filed his declaration of forfeiture to the effect that the contract was thereby already forfeited. It is well settled by the decisions of this court that a vendor cannot use his own indulgence as a trap in which to catch the vendee. When the vendor has waived his right to enforce a forfeiture of the contract he must give such notice of his intention to declare a forfeiture as will give reasonable time and opportunity to the vendee to perform." It is true as contended by the plaintiffs, that in the cases of Pier v. Lee, supra, and Keator v. Ferguson, supra, there were special circumstances that would have made it inequitable and unjust for the courts to have permitted a forfeiture, and, though in this case no such special circumstances exist, still it would be equally unjust and inequitable to permit the plaintiffs, after waiving the clause declaring that time was of the essence of the contract, to proceed at once to forfeit the contract without any tender, demand or notice, and the court was clearly in error in excluding the evidence offered by the defendant and rendering judgment for the plaintiffs. The cases upon this subject are to some extent conflicting, and we shall not attempt to review them in this opinion. We are satisfied, however, that the rule as established by the Supreme Courts of Iowa, Minnesota, and North Dakota, and in our former opinions in this court, are sustained by the weight of authority, and establish the correct rule in this class of cases.

The judgment of the circuit court is reversed, and that court is ordered to enter judgment dismissing the complaint.