ELLA T. WALSH v. SELOVER, BATES & COMPANY.[1]

August 7, 1908.

Nos. 15,656—(130).

**Land Contract—Payment of Taxes—Forfeiture.**

    When the vendor of land by his conduct leads the vendee to believe that the taxes on the land will be first paid by the vendor, and that the amount thus paid may then be paid to him by the vendee, he cannot thereafter take advantage of the failure of the vendee to pay the taxes in the first instance to the proper county official, as required by the strict terms of the written contract, and declare a forfeiture of the contract. The vendee must be given a reasonable opportunity to perform.

Action in the district court for Hennepin county to recover $5,308.21 for the alleged failure to perform the conditions of a certain land contract. From an order, Frederick V. Brown, J., overruling defendant's demurrer to the amended complaint, it appealed. Affirmed.

*Arthur W. Selover,* for appellant.

*A. B. Choate,* for respondent.

[1] Reported in 117 N. W. 499.

ELLIOTT, J.

This is an appeal from an order overruling defendant's demurrer to the complaint. The complaint alleged in substance that on January 26, 1903, the respondent's assignor Walsh and one Silas H. Bates entered into a contract, which is attached *to and made a part of the complaint. At that time Bates was an officer of the appellant corporation, Selover, Bates & Co., and the contract was entered into by Bates for and on behalf of the corporation, and under and pursuant to an agreement so to do theretofore duly made and entered into by and between Bates and the corporation. In all the acts, agreements, and transactions done, entered into, and performed by Bates in the execution of, or in any way relating to or concerning, the contracts, Bates acted as the agent and trustee for and on behalf of the corporation, and with its full knowledge, request, and consent. Subsequent to the making of the contract, and prior to January 1, 1906, Bates assigned, transferred, and conveyed the contract, and all his interest therein, to the corporation, and the corporation assumed all the covenants and agreements in the contract mentioned to be kept and performed on the part of Bates. In view of the fact that we are of opinion that this appeal must be determined upon the question of waiver only, it is unnecessary to set out the other allegations of the complaint, which would be material upon the questions raised and argued by the appellant.

Walsh agreed "to pay, at the time when by the law the same becomes due and payable, to the proper collecting officer, all taxes and assessments, special or general, which may be lawfully levied or assessed upon or against said lands, including any such taxes or assessments levied for or during the year 1904 or subsequent years." The contract also provided:

"That time and punctuality are material and essential ingredients in this contract, and in case the second party shall fail to make the payments aforesaid, and each of them, punctually and upon the strict terms and times above limited, and likewise to perform and complete all and each of the covenants and agreements aforesaid strictly and literally, without any failure or default, then this contract, so far as it may bind said first party, shall, at the option of said first party, become utterly null and void, and all rights and interests hereby created

or then existing in favor of the second party, or any one claiming under him, shall, at the option of said first party, utterly cease and determine, and the right of possession and all equitable and legal interests in the premises hereby contracted, with all improvements and appurtenances, shall revert to and revest in said first party without any declaration of forfeiture or act of re-entry, or any other act by said first party to be performed, and without any right of second party of reclamation or compensation for moneys paid or services performed, as absolutely, fully, and perfectly as if this contract had never been made. The said party of the first part shall have the right, immediately upon the failure on the part of the second party to comply with the covenants and agreements herein written, or any part thereof, to enter upon the land aforesaid and take immediate possession thereof, without process of law, together with the improvements and appurtenances thereunto belonging, and the said party of the second part covenants and agrees that he will surrender unto the said party of the first part the said land, improvements, and appurtenances without delay or hindrance, and no court shall relieve the party of the second part upon failure to comply strictly and literally with this contract."

The complaint alleged that after the contract was executed the provision which required Walsh to pay the taxes, as above quoted, was waived by Bates, for himself and for the corporation, and an oral agreement entered into by which the taxes were to be paid in the first instance by Bates or by the corporation, and that Walsh, or his assigns, were then to be notified of the amount thereof; and thereupon the taxes were to be paid to Bates or his assignee, the corporation; that thereafter Walsh and this plaintiff relied upon such waiver, and did not, for that reason, pay the taxes in the first instance to the said collecting officer, and that the defendant paid the same, and accepted and received payment of said taxes from Walsh; that the defendant never required strict performance of the contract in any particular, but at all times, and in reference to all the covenants to be kept and performed by the second party therein named, defendant waived strict performance of said contract, and in all its dealings with plaintiff said defendant and said Walsh and this plaintiff construed said contract as not requiring time to be the essence thereof. It is also alleged that on March 2, 1907, the defendant paid $13.96 taxes which accrued upon the

land described in said contract for the year 1906, and that thereafter, and on March 5, 1907, without giving plaintiff any notice whatever of the amount of said taxes, and without giving plaintiff any opportunity to pay the same, the defendant caused to be served upon said Walsh a notice in writing, whereby the defendant attempted and pretended to exercise its option to terminate the contract for default in the payment of said taxes which accrued in the year 1906, and by the said notice attempted and pretended to annul, set aside, or vacate said contract; that on April 8, 1907, plaintiff, claiming that the contract was in full force and effect, and under and pursuant to and in compliance with the terms thereof, as modified by the oral agreement, tendered to Selover, Bates & Co. the full sum of $13.96, which had been paid by the defendant as taxes for the year 1906 upon the land described in the contract.

As the question arises upon demurrer to the complaint, these allegations must be taken as true in so far as they assert matters of fact. The appellant has raised several very important questions, such as the effect of the oral contract, the application of the statute which requires thirty days' notice in order to terminate a contract for the purchase and sale of land, and the constitutionality of the act, if held to apply to the facts of this case; but we do not find it necessary to consider these questions. The original contract provided that Walsh or his assigns should pay the taxes in the manner stated therein. The complaint alleged that subsequently an oral contract was made which provided that the taxes should be paid by the company, and that, upon notice thereof and of the amount, the purchaser should reimburse the company for the amount so paid. It appears that this was in fact done in one instance, and that Walsh, upon receiving notice, paid the amount which the company had paid for taxes. It thus recognized the oral agreement, and, for the purpose of a waiver, it is not material whether the oral agreement made the entire contract unenforceable under the statute of frauds. Having by its conduct led the purchaser to believe that the taxes would be first paid by the company, the vendor could not thereafter take advantage of a subsequent failure to pay in accordance with the strict terms of the original contract and declare a forfeiture without notice and reasonable opportunity to the vendee to perform. Mo v. Bettner, 68 Minn. 179, 70 N. W. 1076; Tingue v. Patch,

93 Minn. 437, 101 N. W. 792; Keator v. Ferguson, 20 S. D. 473, 107 N. W. 678.

The order overruling the demurrer is therefore affirmed.