## FLOREN v. LARSON et al.

An objection to the recall for cross-examination of a party, who had testified at a previous hearing of the case at which the adverse party was not present either in person or by counsel, is properly sustained, this being within the discretion of the trial court, and does not constitute reversible error, especially where such party afterwards testified again and was cross-examined by the adverse party.

The provision of Laws 1909, c. 72, that a party to an action may be examined by the adverse party as if under cross-examination, does not entitle a party to recall for cross-examination an adverse party who has already testified, although he might call such adverse party as his own witness, and then examine him as if under cross-examination.

The fact that a person holding land under a contract for its purchase has bought land in another state and has offered or intends to sell the land in question does not constitute an abandonment of the contract, and hence, in an action for specific performance, evidence of such fact is inadmissible.

The vendor, under a contract for the sale of land which provided for improvements of a specified value to be made within a certain time, orally extended such time. Subsequently he accepted without objection, payments of interest on the purchase price, and did not claim that the contract was forfeited until the required improvements had been made and a deed demanded by the purchaser. **Held,** that he had waived the delay in complying with the contract.

(Opinion filed, April 2, 1912.)

Appeal from Circuit Court, Charles Mix County. Hon. R. B. Tripp, *Judge.*

Action for specific performance by Eric A. Floren against Swan August Larson and another. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Affirmed.

*A. F. Crandall* and *John E. Tipton,* for appellants.    *French & Orvis,* for respondent.

CORSON, J.   This is an appeal by the defendants from a judgment in favor of the plaintiff and from the order denying a new trial.   The action was instituted by the plaintiff to enforce specific performance by the defendant Swan August Larson of a land contract to sell and convey a quarter section of land in Charles Mix county entered into by the defendants with the plaintiff.   The complaint, contract, and findings of the court are too lengthly to be inserted in full in this opinion; but, as the court found substantially the facts as alleged in the complaint, which contained a copy of the contract, a brief statement of the facts found will suffice to present the points raised by the appellants on this appeal.

The contract was entered into January 16, 1908.   The purchase price of the land was $7,200.   Under the contract it was agreed that the plaintiff should have possession of the land and should place permanent improvements thereon not later than July 1, 1909, such as house, barn, sheds, granaries, and such other buildings and improvements as the plaintiff might deem necessary for his use of said premises, all to be permanent improvements and to cost not less than $1,500 exclusive of labor, all of which should be fully paid for and free from incumbrance July 1, 1909, at which time the defendants agreed to execute to plaintiff a deed for the land described in the contract, and at which time the plaintiff agreed to execute and deliver to defendants a note for $7,200 bearing interest at 6 per cent. from the date thereof, payable annually on the 1st day of January, each year; the principal of the same to be payable five years from and after the date of the contract, and the same to be secured by a mortgage on the land.

During the month of February, 1908, plaintiff commenced the construction of permanent improvements on said land, and during the month of January, 1909, had permanent improvements thereon of the reasonable value of and which cost plaintiff, exclusive of labor, more than $1,300.   That thereafter, and

during said month, plaintiff requested the defendants to grant him an extension of time within which to place permanent improvements on said land to the amount required by said contract, which request was granted.  The plaintiff, relying on said agreement, paid to the defendant Swan August Larson, on January 25, 1909, $432, interest on $7,200, the purchase price of said land for the year ending December 31, 1908, and said defendant accepted said interest saying it was all right.  On the 5th day of February, 1910, plaintiff again paid to the said defendant the sum of $434.15, being interest at 6 per cent. per annum on $7,200, the purchase price of said land, and interest on the interest from January 1, 1910, to February 5, 1910, the date of payment.  That said defendant accepted and retained said interest money without objection and without making any claim that plaintiff's rights under said contract had been forfeited or in any way terminated. Plaintiff, relying on said agreement for an extension of time, placed no other permanent improvements on the land until subsequent to the 1st day of July, 1909.

On June 3, 1910, the plaintiff had permanent improvements on the land of the value of, and costing more than, $1,650, consisting of a dwelling house, barn, chicken house, hog house, cattle shed, fences, well, windmill and pump, grove of forest trees and orchard, all of which were fully paid for and were free from incumbrance on and prior to June 3, 1910.  On June 3, 1910, plaintiff notified the defendants that he then had permanent improvements on said land which had cost him, exclusive of labor, more than $1,700, and at the same time demanded of said defendants a deed for said land, stating to him that he was then ready and willing, and he then offered, to execute and give to said defendants a mortgage on said land for the amount due under the contract, and at the same time stated to him that he did not care about his wife, Selma Larson, joining with him in executing to plaintiff a deed for said land.  Said defendants thereupon refused to execute and deliver to plaintiff a deed for said land and informed him that they would do nothing under said contract or with reference thereto; that they recalled and

canceled the contract; and that plaintiff had no rights thereunder. On the 15th day of April, 1910, the defendants signed a written declaration of·forfeiture which was recorded on the 23d day of April, 1910, in the office of the register of deeds of Charles Mix county, S. D. On the 28th of April, 1910, the defendants notified the plaintiff that they had declared the contract forfeited.

On January 6, 1908, the date of the execution of the contract sued on, the land therein described was of the reasonable value of $6,400 ($800 less than the contract price of the land). In the month of April, 1910, said land, exclusive of improvements thereon, was of the reasonable value of $10,000, and at the same time with improvements thereon was of the reasonable value of $11,200.

Upon the findings of fact, the court found as a conclusion of law that plaintiff was entitled to judgment directing the defendant Swan August Larson to execute and deliver to him a good and sufficient warranty deed conveying to him the land described in the contract, upon being tendered a note and mortgage on said premises to be executed by plaintiff to said defendant in the sum of $7,200, and upon plaintiff's paying or tendering to said defendant $432, with interest thereon from January 1, 1911, to the date of payment or tender thereof. Judgment was entered June 6, 1911.

Numerous errors are assigned; but, in view of the fact that only a small portion of them are discussed by the counsel for the appellants, it will only be necessary to consider such of them on this appeal as have been discussed by counsel.

[1, 2] The first assignment of error is that the court erred in its ruling denying defendants' request that they be permitted to call the plaintiff who was present in the courtroom for cross-examination; he having testified in the case at the regular term held at Geddes in January, 1911, and the defendants having no attorney present at that hearing to cross-examine the plaintiff. In order to have a proper understanding of the nature of this assignment, a brief statement of the proceedings will be necessary.

It is disclosed·by the record that on January 25, 1911, at a

regular term of the circuit court of Charles Mix county, the plaintiff appeared with his counsel and witnesses and submitted to the court his evidence in support of the allegations of his complaint; that defendants did not appear at said time by counsel or otherwise; that on March 6, 1911, the court made an order, on defendants' motion, opening the case and permitting the defendants to introduce their evidence. Thereupon the counsel for the defendants requested the court to permit them to call the plaintiff for cross-examination, which motion was objected to by plaintiff's counsel and the court sustained the objection. It is contended by the appellants that under the provisions of chapter 72, Laws of 1909, they were entitled to have the plaintiff called and placed upon the stand for cross-examination.

We are of the opinion that the court was right in denying defendants' motion for the reason that the defendants were not entitled as a matter of right to have the plaintiff called as a witness for cross-examination on testimony given by him at the regular trial in Charles Mix county, and there was no abuse of the court's discretion in denying the motion as made. Had the defendants, however, claimed the right to call the plaintiff as their own witness under the provisions of the chapter referred to, they would have clearly been entitled to have done so and to examine him as their witness "as if under cross-examination," as provided in that chapter. The provisions of that chapter were construed by this court in the recent case of Langford v. Issenhuth, 28 S. D. 451, 134 N. W. 889, and were so fully considered by the court that no further discussion of the statute in this opinion is necessary. The denial of the court, had the motion been a proper one, would not have constituted reversible error in the case, as no prejudice resulted to the defendants; the plaintiff having subsequently been called as a witness on his own behalf and subjected to cross-examination by the defendants.

[3] The assignments of error Nos. 4, 5 and 7, discussed by defendants' counsel in his brief, relate substantially to the same matter, viz., as to conversations had with the plaintiff regarding purchase of land in Minnesota and his intention of leaving this state and going to Minnesota. The questions propounded to

these witnesses were objected to on the ground that so much of the answer as related to the so-called abandonment of the contract by the plaintiff was insufficient to constitute a defense, and that therefore the questions propounded to the witness were immaterial and inadmissible.

We are of the opinion that the plaintiff was right in his contention. The answer of the defendants upon the question of abandonment was as follows: "The defendants, further answering, allege that in addition to failing to comply with the terms of said contract in each and every particular, as therein by him agreed, said plaintiff has purchased or agreed to purchase a tract of land in the state of Minnesota with intent to abandon the premises herein and depart from the state of South Dakota, and offered the premises described in said amended complaint for sale with the intent to abandon the same and become a resident of the state of Minnesota upon the land in that state purchased or agreed to be purchased by him, said plaintiff." It will be observed that there is not alleged in this answer any actual abandonment of the contract, but simply that "said plaintiff has purchased or agreed to purchase a tract of land in the state of Minnesota with intent to abandon the premises herein and depart from the state of South Dakota, and offered the premises described in said amended complaint for sale with the intent to abandon the same."

It will thus be seen that there is no allegation that the plaintiff abandoned the contract and that the evidence offered only tended to show that the plaintiff offered the premises for sale and had purchased property in Minnesota and was intending to move to Minnesota. Proof, therefore, of these facts did not prove, or tend to prove, any abandonment of the contract. Had the defendants alleged abandonment of the contract and offered evidence tending to prove abandonment of the same, and failure of the plaintiff to comply with the conditions of the contract on his part to be performed, such evidence might have been competent. But evidence tending to prove that he intended to sell his interest in the land and had bought land in Minnesota did not prove, or tend to prove, an abandonment of the contract or any violation of it in any respect, or an intent on his part not to comply with

the conditions of said contract. If the contract was a valid contract and the plaintiff was entitled to a specific performance of the same, the evidence was entirely immaterial and irrelevant, as the plaintiff had a right to either retain possession of the premises or dispose of the same as he might deem best for his own interests.

It is further contended by the appellants that the court erred in making the following findings of fact; such findings not being sustained by any evidence in the case. The findings referred to are as follows: "That during the month of February, 1908, plaintiff commenced the construction of permanent improvements on said land, and during the month of January, 1909, had permanent improvements thereon of the reasonable value and which cost plaintiff exclusive of labor more than $1,300. * * * That thereafter and prior to the 3d day of June, 1910, plaintiff placed other permanent improvements on said land, and the cost and value of all permanent improvements placed thereon by plaintiff prior to the 3d day of June, 1910, exclusive of labor, exceeded the sum of $1,650. That said permanent improvements so placed on said land by plaintiff consists of a dwelling house, barn, chicken house, hog house, cattle shed, fences, well, windmill and pump, grove of forest trees, and an orchard, all of which were fully paid for and free of incumbrance on and prior to the 3d day of June, 1910."

These two findings are based upon evidence which is quite voluminous, and no useful purpose would be served by its reproduction in this opinion. After a careful examination of the same, however, we are clearly of the opinion that these findings of the court were fully justified by the evidence. It is disclosed by the record that at the time the plaintiff entered into the contract for the purchase of the land it was entirely unimproved, there being no buildings, fences, or other structures upon the same, and that the plaintiff proceeded to erect a dwelling house, barn, granary, fences, sink a well, plant forest and shade trees, ets., and it seems to be undisputed that the plaintiff expended some $1,650, exclusive of his own labor, in the making of these improvements.

[4]   It is contended by the defendants that the judgment should have been entered in their favor, and that the court erred in entering judgment of specific performance in favor of the plaintiff and against the defendants for the reason, in effect, that the plaintiff failed to perform the stipulations of the contract upon his part within the time specified in the contract.  But it clearly appears from the findings of the court which are not questioned by the defendants that the time for making the improvements was extended by the defendants, and that subsequent to the time when these improvements were to be completed the defendants accepted payment of the interest and allowed the plaintiff to proceed and complete the improvements without objection, after the time for the termination of the contract had expired, and allowed the plaintiff to remain in possession of the premises several months thereafter without declaring any forfeiture of the contract or giving the plaintiff any notice that they intended to declare the forfeiture of the same.

In the case of Pier v. Lee, 14 S. D. 600, 86 N. W. 642, this court held in an analogous case, as appears by the headnote, "that the provision of the contract that time should be of its essence was binding as well on the plaintiff as on the defendant, and hence, plaintiff having omitted to declare a forfeiture for three months after he was entitled to do so, on September 1, 1891, he thereby waived the same, and defendant was therefore entitled to enforce specific performance of the contract."   It will be observed that in the opinion in that case a number of authorities are cited from different states fully sustaining the holding of the court in that case, and that the court in its opinion quoted with approval from Gaughen v. Kerr, 99 Iowa, 214, 68 N. W. 694, in which the Supreme Court of Iowa held: "Where a contract for the sale of land provides that, on failure of the vendee to pay his notes promptly when due, the vendor 'shall have the right to declare this agreement null and void,' the vendee's default does not ipso facto work a forfeiture; and unless the vendor elects to declare a forfeiture, the contract remains in force.  A vendor waives a provision in a contract of sale giving him the option to declare a forfeiture for default of the vendee in making payment

when due, by failing to promptly exercise such right of election at the time of default."

The case at bar comes clearly within the principle announced in the case of Pier v. Lee, supra, and in the case of Gaughen v. Kerr, supra, and the court was therefore clearly right in holding that the plaintiff was entitled to enforce the contract in the case at bar and in entering judgment in his favor.

The judgment and order denying a new trial are affirmed.